Putnam, J.,
delivered the opinion of the Court. [After stating the devise, and the other facts agreed in the case.] The [ * 243 ] petitioner claims one half of the land described in her * pe tition,- as she is the surviving child of the testator; inasmuch as John Emerson never had a son.
The respondents claim the whole of the land, contending that the devise to John Emerson was of a fee simple conditional; and that he, within the true intent of the will, did perform the condition by *205 leaving male issue, viz. grandsons, the sons of his daughter; and so that they, as the heirs and legal representatives of John E., ought to hold the whole, as an absolute fee simple.
Upon examining the will, it is manifest that the testator, by the subsequent part of the devise, restrained the fee first given, either to an estate tail, or to a base fee, terminable upon the failure of John's male issue. The testator evidently preferred that the estate should go and remain with the male issue of his son John, rather than to the other children of the testator.
The first question to be considered is, whether the devise over has taken effect: in other words, whether a son of a daughter is to be considered as the male issue of the devisee. And so far as relates to devises of freehold estates, it is well settled that, “ whosoever shall inherit, by force of a gift in tail made to heirs male, ought to convey his descent wholly by the heirs male” (3). Some distinction was formerly attempted between a devise and a grant in tail male: that in the former case, the son of a daughter might take as heir male of the devisee. But in the time of Sir Edward Coke it was exploded. If, therefore, the devise in the case at bar was of an estate in tail male to John E., the estate in tail has terminated, for want of male issue deriving their descent through males.
And we are satisfied, upon the authority of many adjudged cases, that the devise to John E. is to be considered as in tail male general (4). Thus a devise “ of all my copyhold lands in H. to my nephew Isaac Slater: but if the said Isaac should die, without male heir, then my will is, that my nephew John S. shall enter upon and enjoy the said copyhold lands, his heirs and assigns; ” was construed * to give an estate tail to Isaac (5).—So in Brice [ * 244 ] vs. Smith, cited at the bar, the chief justice observes that, after so many solemn resolutions, it cannot be doubted now, that if a man devises an estate to A. and his heirs, and afterwards in his will gives his estate to another, in case A. dies without issue; the subsequent words reduce A.’s estate only to an estate tail, and restrain the general word heirs to signify only heirs of his body.
The estate tail having thus terminated, the next consideration is as to the devise over, on the failure of John E.’s leaving male issue, i. e. one half to his children, and the other to the surviving children *206 of the testator. Are the latter to be considered such children of the testator, as survived when he made his will, or such as might survive the termination of the estate tail ? And we are of opinion that the testator had reference to such of his children, who should be living whenever John E. died without male issue. The devise over was a contingent "remainder. For it was altogether uncertain whether John E. would leave any other children, or whether any of the testator’s children would survive John. If John E. had left no children, then the contingent remainder would have failed as to that half devised to them: so if no child of the testator had survived John, the contingent remainder would have failed as to the other half. And the reversion expectant upon the termination of the estate tail, and the failure of the contingent remainders, would have descended to the heirs at law of the testator.
But the contingent remainder has taken effect; for the petitioner is the surviving child of the testator, and the respondents are the children of John, who never had a son.
Whether, however, this remainder vyas to them for life or in fee, is not so clear. There are no words of inheritance in respect to them.. “ The above bequests,” on failure of John E.’s male issue, are devised, one half to his children, and the other half to the surviving children of the testator. They have a like estate in [ * 245 ] the land : and * whether that is a freehold only, or a fee simple, the petitioner is entitled, as respects the respondents, to have partition. We ought not, in this case, to adjudicate any further; for the heirs at law have not been heard. If the contingent remainders were for life only, then the heirs at law have still a reversion, expectant upon the death of the devisees of the re mainder.
The judgment of the Court is, that partition shall be made

 Lit. § 24.

 [If the matter were res integra, it might well be questioned whether heirs male under our law did not include not merely the eldest, but all the heirs male. In customary copyholds, borough English, and gavelkind land, heirs of the body will be the heirs according these customs respectively. —Weeks vs. Carvel, Noy, 10. b. —14 Viner Ab. 258.—Dyer, 179. —Rob. Gav. 94. —2 Pres. Est. 383. —Watkins's Conveyances by Merifield, 85. —Ed.]

 5 D. & E. 355, Slater vs. Slater.