JOHN W. PAUL, APPELLANT, vs. WILLIAM L. FRIERSON ET AL., APPELLEES.

1. A vested remainder in land is a fixed interest in one person to take effect in possession after a preceding estate of another person therein is determined.

2. When the *right* to the remainder interest in an estate depends upon some future event, which may or may not happen, it is a contingent remainder.

3. A. executed to B. a deed of trust for the following purposes : "For the sole and separate use, profit and enjoyment of my said wife, Martha B. Frierson, subject to her entire control and management for and during her natural life, and at her death the said property shall be divided equally among such of her children by me begotten *as she may leave surviving her*, the child or children of a deceased child to take that portion to which its parent would have been entitled ;" *Held*, (*a.*) That the language created a contingent remainder, dependent upon survivorship. (*b.*) That the "children of a deceased child," upon the decease of the parent, who was one of the children of the grantor described above, had the same contingent interest as the deceased parent.

4. A person, though not a party to a suit, but having an interest in the subject matter thereof, may bring a bill to review the decree in said suit if his interest is affected by said decree.

5. A suit by John W. Paul, next friend of Esther J. Paul, a minor, is not a suit in the name of the minor. It should be Esther J. Paul, by her next friend, John W. Paul.

Appeal from the Circuit Court for Hernando county.

Judge Walker, of the Second Circuit, sat in place of Mr. Justice Raney, disqualified.

The facts of the case are stated in the opinion.

*John A. Henderson* and *T. L. Clarke* for Appellant.

*A. Paterson* for Appellees.

34

THE CHIEF JUSTICE delivered the opinion of the court:

This is a bill of review brought by John W. Paul in his own behalf, and as next friend for his infant daughter, Esther J. Paul, against William L. Frierson and Martha B. Frierson, Jacob B. Mickler and W. J. Barnett, of the county of Hernando, to review a decree in chancery in a suit wherein the said William L. Frierson and Martha B. Frierson were complainants, and Jacob B. Mickler and W. J. Barnett, as next friend for Esther J. Paul, were defendants.

The original bill by said Frierson and wife against said Mickler and Barnett sets forth the following facts: That said William L. Frierson, by deed, conveyed certain lands in said county of Hernando to Jacob B. Mickler, in trust for certain persons therein named. The following is a copy of said deed:

Exhibit " A," Copy of Trust Deed.

THE STATE OF FLORIDA, }
  Hernando County.      }

Know all men by these presents, that I, William L. Frierson, of the said county and State aforesaid, for and in consideration of the natural love and affection which I have and do bear for my wife, Martha B. Frierson, and also in consideration of the sum of ten dollars to me paid by Jacob B. Mickler, of said county and State aforesaid, have granted, bargained, sold and delivered, and by these presents do grant, bargain, sell and deliver unto the said Jacob B. Mickler all that piece, parcel and tract of land lying and being in section one (1), in township twenty-three (23), south of range nineteen (19), east, containing 400 acres, more or less, situated west of the Tampa road, and running north through the Choccochattee prairie; also all my stock of cattle, horses and hogs, with their future issue and increase (saving and

excepting three head of cattle), one buggy and two-horse wagon, one cast iron sugar mill and a boiler holding sixty gallons, one corn sheller, and also all my household and kitchen furniture. To have and to hold the said property, with all and singular the rights, members, hereditaments and appurtenances to the same belonging, or in anywise incident or appertaining unto the said Jacob B. Mickler, to and for the following uses, intents, trusts and purposes, that is to say, for the sole and separate use, profit and enjoyment of my said wife, Martha B. Frierson, subject to her entire control and management, for and during the term of her natural life, and at her death, the said property (both real and personal), together with the increase of the said personalty, shall be equally divided among such of her children by me begotten as she may leave surviving her, the child or children of a deceased child to take that portion to which its parent would have been entitled.

And I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said property and premises unto the said Jacob B. Mickler, trustee as aforesaid, against me and my heirs and all persons whomsoever lawfully claiming or to claim the same or any part thereof.

The bill alleges that on account of age neither Frierson nor his wife are able to cultivate said lands or to derive any income from them, and have been compelled to abandon and move off of said lands. That they have not been able to rent or lease said lands, and since their abandonment of them the buildings and fences have gone to waste, and that said lands have become an expense and burden. The prayer of the bill is, that the said lands may be sold by the order and under the direction of the court, and the proceeds of such sale be reinvested by the said trustee with due regard to the interest of Mrs. Frierson and said Esther J. Paul.

The answer of Jacob B. Mickler, trustee, and of W. J. Barnett, as guardian *ad litem*, admitted the facts set forth in the bill to be true, and support the same by some voluntary statements as to the manner in which the land had become an expense and burden. The court rendered a decree in accordance with the prayer of the bill. The first question that arises is as to the right of John W. Paul to bring this bill of review. He was appointed guardian *ad litem* for Esther J. Paul, but took no steps in her behalf, and another guardian was appointed for her by the clerk, who filed an answer and was treated by the court as her guardian *ad litem*.

Paul never appeared nor filed an answer, nor assumed to act under the appointment, and was not a party to the decree.

The next inquiry is, did he have any interest in the land in his own right that would enable him to bring a bill to review the orignal decree.

It is claimed by the counsel for appellant that the deed of trust from William L. Frierson to Jacob B. Mickler, as trustee, granting out of the land in question a life estate to Martha B. Frierson, his wife, and remainder to such of the children of said William L. and Martha B. Frierson as she might leave surviving her, conveyed to their daughter then living, and who was the wife of said Paul, a vested remainder in said land. That by the death of Mrs. Paul, leaving three children, two of whom subsequently dying, said Paul, by the statute of descent, became a two-thirds owner of said vested remainder.

The language of the deed of trust relating to this is as follows: " For the sole and separate use, profit and enjoyment of my said wife, Martha B. Frierson, subject to her entire control and management for and during the term of her natural life, and at her death the said property, both real

and personal, * * * * shall be equally divided among such of her children by me begotten *as she may leave surviving her*, the child or children of a deceased child to take that portion to which its parent would have been entitled."

A vested remainder is a fixed interest to take effect in possession after a particular estate is spent. If it be uncertain whether an estate or use limited *in futuro* shall ever vest, that use or estate is said to be in contingency. 4th Kent, 202.

It is the uncertainty of the right of enjoyment and not the uncertainty of the actual enjoyment which renders a remainder contingent. 4 Kent, 203, n.

The language in the deed in our opinion gave to Mrs. Paul a contingent remainder. There are no words in it which will justify us in construing it as vesting a present fixed right with only the time of actual enjoyment as uncertain. On the contrary, the right is uncertain and dependent upon this contingency: which one of two events, both of which must inevitably occur in the future, should precede the other in point of time.

The remainder was not to take effect either as to right or possession until the death of Martha B. Frierson.

Two things were necessary to determine the right—the death of Mrs. Frierson, and the fact that Mrs. Paul was living at the time of her death. It was uncertain whether the right to the estate would ever vest in Mrs. Paul, and this uncertainty made her interest in it contingent.

See Kent's Commentaries, Vol. 4, 202; Hurlbert vs. Emerson, 16 Mass., 241; Onley vs. Hull, 21 Pick., 311. The provision in the deed of trust, that the child or children of a deceased child should take that portion to which its parent would have been entitled, had no other purpose or effect than that the children of the deceased child should

be entitled to the same estate that their parent might have enjoyed in case he or she had lived.

It cannot be claimed that their rights were other than those of the deceased parent, or that a remainder which had never vested in said parent should by that parent's death become vested in them, without its being so provided in the deed of trust. Our conclusion is, that Paul was not a party to the suit, nor did he have any interest in the property conveyed by the deed of trust. He had no right to bring a bill to review the decree.

The bill is brought by John W. Paul, in his own behalf, and as *next friend of his infant daughter, Esther J. Paul.*

Esther J. Paul having been a party to the original suit, and having a contingent remainder in the estate, had the right to bring a bill of review. But is this suit brought by Esther J. Paul? It should have been brought directly by her and in her name. In Sanderson's Admrs. vs. Sanderson, 17 Fla., 820, this court said under the statutes of this State, as well as under the general rules of chancery practice, a suit in chancery by an infant is brought in *his or her own name* through his or her next friend.

This bill is not brought by Esther J. Paul, in accordance with our statute, or the decisions of this court, and the bill must be dismissed, but without prejudice to the rights of said Esther J. Paul.

Decree affirmed.