FRANK D. ROSE, *et al.*, v. LURTON COMPANY.

149 So. 557.

Division A.

Opinion Filed July 13, 1933.

*Philip D. Beall* and *Joe M. Coe,* for Appellants;

*Carter & Yonge,* for Appellee.

PER CURIAM.—Four mortgages were made out in the name of W. J. Davis and E. P. Rose, partners under the firm name of Davis and Rose, and Lorena B. Davis, wife of the said W. J. Davis, and Carrie Rose, wife of the said E. P. Rose, as mortgagors, to The Lurton Company, as mortgagee. The execution of the mortgages was accomplished by the signature and seals of the partners as follows: "Davis & Rose by E. P. Rose, Carrie Rose, W. J. Davis, Lowena B. Davis."

The mortgages were on printed forms, designed to be filled in with written descriptions of real and personal property to be specifically described, after which was the following printed language of the prepared form:

"and also all other property of every character whatsoever, real, personal and mixed, and wheresoever situated, now owned as well as that which may be hereafter acquired by the parties of the first part and each of them, until the full and complete payment and satisfaction of the indebtedness hereby secured, including all future allowances," etc.

After the making of three of the mortgages but prior to the execution of the fourth one, E. P. Rose, as an individual, and with his individual funds, acquired by properly recorded deed, title to a portion of certain lots located in the City of Pensacola.

Subsequently the mortgages were foreclosed by an appropriate bill brought for that purpose, final decree being entered on a decree *pro confesso* against the defendants. Included in the foreclosure bill was the following allegation in sub-paragraph c of paragraph 5 thereof:

"c. E. P. Rose acquired by deed from Gladys Miller Caldwell and her husband, dated September 14, 1928, recorded October 8, 1928, to following described property: the north 120 feet of lots 18, and 19 in block 40, Belmont Tract, in the City of Pensacola, according to map copyrighted by Thomas C. Watson. That the title to said property still remains in said defendants, they never having conveyed the same, and by virtue of the terms and provisions of the several mortgages hereinbefore set forth and described as Exhibits 1, 13, 19 and 24, all of said real estate is subject to the liens of said mortgages and is subject to be sold for the payment of said mortgage indebtedness."

The decree of foreclosure as entered, included the foregoing described individual property of the defendant E. P. Rose. Foreclosure sale was had and the property in controversy purchased by the mortgagee, The Lurton Company.

Afterward, and within six months from the entry of the foreclosure decree, the appellants, Frank D. Rose and Carrie Rose, as complainants, filed in the same court their bill of review naming The Lurton Company as defendant and praying for a reversal of the final decree of foreclosure insofar as that decree subjected to The Lurton Company's mortgage, the after-acquired individual real estate of the defendant, E. P. Rose, hereinbefore described, the contention being that such individually owned real estate was never subject to the lien of complainant's mortgage and that Frank D. Rose, as purchaser of the same from the foreclosure defendants, E. P. Rose and Carrie Rose, was entitled to have the foreclosure decree reviewed, reversed and set aside as to the individually owned property of E. P. Rose, so purchased, as well as a discharge of same from any claim of The Lurton Company to a mortgage lien thereon.

A general demurrer to the complainant's bill of review was overruled. Thereupon testimony was taken upon an-

swer filed to the bill by the defendant, and a final decree rendered on the issues in favor of The Lurton Company. It is the final decree that is now before us for review on this appeal.

It is now undoubtedly well settled in this jurisdiction, that when it is appropriately so worded, a mortgage on after-acquired property of the mortgagor, will be held valid, and enforceable between the parties to it, by a suit for foreclosure. Davis v. Horne, 54 Fla. 563, 45 Sou. Rep. 476, 127 Am. St. Rep. 151; Marion Mortgage Co. v. Teate, 98 Fla. 713, 124 Sou. Rep. 172.

But in view of the general rules of law governing the construction of mortgage transactions, and the interpretation and construction of mortgage writings, a series of mortgages appearing to have been executed by partners as part of a business firm plan to finance their partnership operations, executed by them to a factor, where the mortgage instruments are executed on certain prepared printed blanks, and thereafter filled in and signed in the partnership name, although signed also by the partners and their wives individually, said mortgages containing specific filled in descriptions of real and personal property, and after-acquired property clause, largely applicable to after-acquired personal property, will not be held to encumber an undescribed city dwelling, after acquired by one of the partners individually, and with his own individual funds, merely because of a general printed clause contained in each mortgage to the effect that it shall constitute a lien upon and cover "also all other property of every character whatsoever, real, personal and mixed, and wheresoever situated, now owned as well as that which may be hereafter acquired by the parties of the first part and each of them."

We think the present case falls within what was said in Capital City Bank v. Hilson, 59 Fla. 215, 51 Sou. Rep. 853,

where it was declared that any ambiguity appearing in a prepared writing, will be construed more strongly against the party using the language, and for whose benefit the language was evidently inserted in the written instrument. Here the language relied on, as it appears in printed form of the mortgage, refers to an intended lien upon certain real, personal and mixed property, if thereafter acquired by the parties of the first part "and each of them." The phrase, "and each of them," cannot, under the general context and in view of the authority just quoted, be fairly construed as being the equivalent of the words, "or either of them," as appellee's original foreclosure bill apparently undertook to make it appear that it should be.

The error in the construction of the language of the mortgage appears upon the face of the foreclosure proceedings. The final decree in the original suit gives judicial effect to such error, and was therefore properly attacked by a bill of review brought by a subsequent purchaser of the land erroneously covered by the foreclosure decree, who, although a taker of the title pending the foreclosure, and charged by a *lis pendens* filed with notice of that litigation, was not a direct party to the foreclosure suit, but is nevertheless now adversely affected by the final decree and sale. See Finlayson v. Lipscomb, 15 Fla. 558; Paul v. Frierson, 21 Fla. 529; Thompson v. Maxwell, 16 Fla. 773; Goodrick v. Thompson, 96 Fla. 327, 118 Sou. Rep. 60.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

BROWN, J. (concurring).—I have serious doubt of the validity of the clause in the mortgage, above discussed, by reason of its vagueness and generality. At least, it seems

to me, that as to such vague and all-inclusive general clause, the rule of *ejusdem generis* should be strictly applied, which would limit the meaning to conform, to the kind and character of things or property specifically described in the language preceding the clause, which in .this case I think would lead to the same conclusion arrived at in the above opinion.