McCAIN, Judge.
This is an appeal by the defendants, Wel-com H. Watson et al., from a final declaratory decree on the pleadings requiring them to execute a partial release of certain mortgaged lands to plaintiff, H. C. Poe, Trustee.
Defendants are second-mortgagees of property owned by plaintiff. This mortgage provides for a partial release of the property at the rate of $560.00 per acre. A further provision, the effect of which provides the question before the court and which involves only a portion of the property under mortgage, reads as follows :
“Notwithstanding anything in this agreement to the contrary, the parties agree that in order to release property in the South Half * * * of the Southwest Quarter * * * of the Northwest Quarter * * * and in the North Half * * * of the Northwest Quarter * * * of the Southwest Quarter * * the mortgagor shall pay to the mortgagees the entire sum received, if and when any of said property is sold, after paying the necessary release monies to the first mortgagee.”
Plaintiff sold 14.62 acres of land in the area designated above and paid the entire sum received to defendants, who released only the acres involved in the sale. Plaintiff brought suit contending that the sale proceeds in excess of that equalling 14.62 acres multiplied by $560.00 should be applied to release lands not involved in the sale. The trial court agreed and ordered defendants to execute partial releases for an additional 157 acres. We reverse.
Both parties agree that the purpose of the special clause quoted above was to prevent the designated property, which was more valuable than the remaining land, from being released at $560.00 per acre. Plaintiff had no personal liability on the mortgage and the special clause was designed to prevent plaintiff from acquiring highly valuable property at $560.00 per acre and then turning the less valuable land back to defendants.
The holding of the trial court renders the special clause meaningless insofar as the rate of release is concerned. Such a construction means only that, in order to release the designated valuable property at the general rate of $560.00, plaintiff must make a mortgage payment at least as large as the amount of the sale proceeds. This construction is at odds with the admitted purpose of the special clause, which was to prevent release of the more valuable property at the rate of $560.00 per acre.
We hold that the obvious meaning and intent of the mortgage when read as a whole is that the land designated in the special clause is to be released at a flexible rate equalling the proceeds of sale less amounts necessary to release the first mortgage. All other property is to be released at the rate of $560.00 per acre.
 The primary rule of construction of a mortgage is to ascertain the intention of the parties, which is accomplished not only from the face of the instrument but also from the situation of the parties and the nature and object of their transactions. Jackson v. Parker, 1943, 153 Fla. 622, 15 So.2d 451. We are also cognizant of the fundamental that an ambiguity, if any, appearing in a prepared writing will be construed more strongly against the party using the language and for whose benefit the language was inserted in the instrument. Rose v. Lurton Company, 1933, 111 Fla. 424, 149 So. 557; Capital City Bank v. Hil- *16 son, 1910, 59 Fla. 215, 51 So. 853. In the mortgage under consideration the partial release clauses are for the benefit of the owner and designed primarily to facilitate sales. Bailey v. Inman, 1932, 105 Fla. 1, 140 So. 783. The construction which we have placed on the partial release clause in issue is compatible with the foregoing principles.
Reversed and remanded with directions to enter judgment for the defendants.
WALDEN, C. J., and McNATT, JOHN M., Associate Judge, concur.