IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

June 14, 2017

JOHN DESYLVESTER, )
)
Appellant, )
)
v. )  Case No. 2D15-5053
)
THE BANK OF NEW YORK MELLON )
F/K/A THE BANK OF NEW YORK, as )
Trustee, on behalf of the Holders of the )
Alternative Loan Trust 2005-62, Mortgage )
Pass-Through Certificates Series 2005-62; )
JOY FREEMAN; MORTGAGE )
ELECTRONIC REGISTRATION )
SYSTEMS, INC., as Nominee for Esecond )
Mortgage.com in DBA Dollar Realty )
Mortgage; HARBOUR WALK )
HOMEOWNERS' ASSOCIATION, INC.; )
THE INLETS AT RIVERDALE, INC.; and )
TENANT, )
)
Appellees. )
_____ )

BY ORDER OF THE COURT:

Appellant's motion for rehearing and certification filed March 9, 2017, is

granted only to the extent that this court's opinion dated February 22, 2017, is

withdrawn and the attached opinion is issued in its place.  No further motions for

rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


MARY ELIZABETH KUENZEL, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN DESYLVESTER,                    )
                                     )
            Appellant,               )
                                     )
v.                                   )          Case No. 2D15-5053
                                     )
THE BANK OF NEW YORK MELLON          )
F/K/A THE BANK OF NEW YORK, as       )
Trustee, on behalf of the Holders of the )
Alternative Loan Trust 2005-62, Mortgage )
Pass-Through Certificates Series 2005-62; )
JOY FREEMAN; MORTGAGE               )
ELECTRONIC REGISTRATION              )
SYSTEMS, INC., as Nominee for Esecond )
Mortgage.com in DBA Dollar Realty    )
Mortgage; HARBOUR WALK               )
HOMEOWNERS' ASSOCIATION, INC.;       )
THE INLETS AT RIVERDALE, INC.; and   )
TENANT,                              )
                                     )
            Appellees.               )
_____ )

Opinion filed June 14, 2017.

Appeal from the Circuit Court for Manatee
County; Thomas M. Gallen, Senior Judge.

David W. Smith, Law Office of David W.
Smith, Sarasota, for Appellant.

Sarah T. Weitz, of Weitz & Schwartz,
P.A., Fort Lauderdale, for Appellee, The
Bank of New York Mellon.

No appearance by remaining Appellees.

WALLACE, Judge.

John Desylvester appeals a final judgment of mortgage foreclosure entered against him and Joy Freeman and in favor of The Bank of New York Mellon (the Bank) following a nonjury trial. Although we affirm the judgment, we write to address the issue of the application of the statute of limitations in a subsequent foreclosure action filed after the dismissal of an initial action for the foreclosure of the same note and mortgage.

## I. THE FACTS AND THE PROCEDURAL BACKGROUND

On September 20, 2005, Mr. Desylvester and Ms. Freeman executed an adjustable rate note in the amount of $1,500,000 in favor of "Esecond Mortgage.com in [sic] DBA Dollar Realty Mtg." The terms of the note required the borrowers to make monthly payments of principal and interest, beginning on November 1, 2005, and ending on October 1, 2035.

On the same day, Mr. Desylvester and Ms. Freeman executed a standard residential mortgage securing the note with real property located in Sarasota County. The mortgage named "Esecond Mortgage.com in [sic] DBA Dollar Realty Mtg." as the lender and Mortgage Electronic Registration Systems, Inc. (MERS), as the mortgagee as nominee for the lender and the lender's successors and assigns. Both the note and the mortgage contained optional acceleration clauses authorizing acceleration of the principal and interest due on the note to maturity in the event of a default by the borrowers. In addition, the standard form residential mortgage included a reinstatement

- 2 -

provision in paragraph 19 titled, "Borrower's Right to Reinstate After Acceleration."[1] The Bank filed the original note with the trial court in the underlying litigation. An allonge was attached to the note. The allonge bore two indorsements. The first indorsement was from the original lender to Countrywide Home Loans, Inc., dba America's Wholesale Lender. The second indorsement from Countrywide was in blank.

The Bank filed two foreclosure actions on the note and mortgage. It filed the first foreclosure action against Mr. Desylvester, Ms. Freeman, and other parties on November 15, 2012. The Bank attached a copy of the note, including the allonge bearing both of the indorsements, and a copy of the mortgage to its complaint. The Bank alleged that the mortgage had been assigned to it under an assignment from MERS dated May 10, 2011, and attached a copy of the assignment. With regard to the default, the Bank alleged that the borrowers had defaulted on their regular monthly payment due on October 1, 2008, "and all subsequent payments." The Bank also accelerated the note by declaring the full amount due under the note to be due and payable. The first action was dismissed for reasons that are unexplained in our record.

Subsequently, on December 9, 2014, the Bank filed a second foreclosure action against the borrowers and others on the same note and mortgage. As it did in the first action, the Bank alleged in its complaint that the borrowers had defaulted on the note and mortgage by failing to make the payment due on October 1, 2008, "and all subsequent payments due thereafter." Once again, the Bank accelerated the unpaid principal and interest to maturity by declaring the full amount to be due and payable.

---

[1]The reinstatement provision of the standard form residential mortgage is quoted in Justice Lewis's concurrence in <u>Bartram v. U.S. Bank National Ass'n</u>, 211 So. 3d 1009, 1023 n.8 (Fla. 2016) (Lewis, J., concurring in result only).

Mr. Desylvester filed an answer and affirmative defenses to the complaint in the second action for foreclosure. He generally denied the material allegations of the complaint, including the allegation that he had defaulted on the payment due on October 1, 2008, and "all subsequent payments due thereafter." In his second affirmative defense, Mr. Desylvester alleged that the statute of limitations had run with regard to the alleged default in payment on October 1, 2008, because any such default had occurred more than five years before the filing of the second foreclosure complaint. Mr. Desylvester asserted that "[a]ny suit to foreclose based upon an October 1, 2008 default would have had to been filed prior to October 1, 2013, or otherwise be barred forever." Mr. Desylvester concluded that because the second action was filed on December 9, 2014, it was barred by the statute of limitations. In a third affirmative defense, Mr. Desylvester alleged that the Bank did not have standing to foreclose at the inception of the second foreclosure action.

The trial court held a bench trial for the second foreclosure action in September 2015. Jill Dietrich testified on behalf of the Bank. Ms. Dietrich was an employee of Select Portfolio Servicing, Inc. (SPS), the servicer for the loan. She was qualified to testify about SPS's business records for the loan. Ms. Dietrich identified the original note, the mortgage, and the assignment of mortgage, which the trial court received in evidence. Ms. Dietrich also identified a document reflecting the payment history on the note, which showed that the last payment received had been applied to the September 1, 2008, installment; no payments had been received on the note thereafter. The trial court also received this document in evidence.

On October 26, 2015, the trial court entered the final judgment of foreclosure. Mr. Desylvester appealed the final judgment. Ms. Freeman has not joined in the appeal or otherwise appeared in this case.

## II. MR. DESYLVESTER'S APPELLATE ARGUMENTS

On appeal, Mr. Desylvester raises three points. First, he argues that the Bank failed to present evidence sufficient to establish the alleged default in payment. Second, Mr. Desylvester contends that the Bank failed to establish its standing to foreclose at the inception of the second action. Third, he argues that the Bank's action is barred by the applicable statute of limitations.

Competent substantial evidence in the record demonstrates that the Bank established the alleged default in payment and its standing to foreclose at the inception of the action. Mr. Desylvester's arguments on these points are without merit and do not warrant further discussion. We turn now to a discussion of Mr. Desylvester's argument concerning the statute of limitations.

## III. DISCUSSION

We apply a de novo standard of review to the issue of the application of the statute of limitations to the Bank's action for foreclosure. Nationstar Mortg., LLC v. Sunderman, 201 So. 3d 139, 140 (Fla. 3d DCA 2015); see also Hamilton v. Tanner, 962 So. 2d 997, 1000 (Fla. 2d DCA 2007) ("A legal issue surrounding a statute of limitations question is an issue of law subject to de novo review.").

Mr. Desylvester argues that the trial court erred in entering the final judgment of foreclosure in favor of the Bank because the Bank's action was barred by the five-year statute of limitations applicable to actions on a written instrument. See §

95.11(2)(c), Fla. Stat. (2008).  In Mr. Desylvester's view, the Bank's action was barred because it was filed more than five years after the date of default, i.e., October 1, 2008.  The Bank filed the underlying second foreclosure action on December 9, 2014.  Mr. Desylvester claims that in order for the action to be timely, the Bank had to file its complaint before October 1, 2013.  Mr. Desylvester concludes that "a complaint is barred by the statute of limitations in a subsequent foreclosure if the alleged date of default is older than five years."

The recent decision of the Florida Supreme Court in <u>Bartram v. U.S. Bank National Ass'n</u>, 211 So. 3d 1009 (Fla. 2016), resolves the question of the application of the statute of limitations in the residential mortgage foreclosure context at issue here in favor of the Bank.  With regard to the application of the statute of limitations in a subsequent foreclosure action after an initial foreclosure action that sought acceleration was dismissed, the <u>Bartram</u> court said:

> Therefore, with each subsequent default, the statute of limitations runs from the date of each new default providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and mortgage.
>
> Consistent with the reasoning of <u>Singleton[ v. Greymar Associates</u>, 882 So. 2d 1004 (Fla. 2004)], the statute of limitations on the balance under the note and mortgage would not continue to run after an involuntary dismissal, and thus the mortgagee would not be barred by the statute of limitations from filing a successive foreclosure action premised on a "separate and distinct" default.  Rather, after the dismissal, the parties are simply placed back in the same contractual relationship as before, where the residential mortgage remained an installment loan, and the acceleration of the residential mortgage declared in the unsuccessful foreclosure action is revoked.

Bartram, 211 So. 3d at 1019. This result follows regardless of whether the dismissal of the initial foreclosure action was entered with or without prejudice. Id. Accordingly, we conclude that the dismissal of the Bank's earlier foreclosure action did not trigger the statute of limitations to bar the Bank's subsequent foreclosure action based on separate defaults. See id.

We recognize that in the underlying action the Bank alleged that the borrowers defaulted on the note by failing to make the payment due on October 1, 2008, "and all subsequent payments due thereafter." Granted, the October 1, 2008, date was the date alleged as the date of the initial default in the first foreclosure action, and this date was outside the period of the five-year statute of limitations. Nevertheless, the allegations of the complaint in the underlying action that the borrowers were in a continuing state of default at the time of the filing of the complaint was sufficient to satisfy the five-year statute of limitations. See Bollettieri Resort Villas Condo. Ass'n v. Bank of N.Y. Mellon, 198 So. 3d 1140, 1142 (Fla. 2d DCA), review granted, No. SC16-1680 (Fla. Nov. 2, 2016). Thus, the facts of this case are distinguishable from the facts in Collazo v. HSBC Bank USA, N.A., 41 Fla. L. Weekly D2315 (Fla. 3d DCA Oct. 13, 2016). In Collazo, unlike in this case, the plaintiff insisted on trying the case on the basis of a date of default that was outside the five-year statute of limitations period. Id. at D2315. Here, in addition to alleging the initial date of default as October 1, 2008, the Bank alleged that the borrowers were in a continuing state of default up to the time of the filing of the complaint.

## IV. CONCLUSION

It follows from the foregoing analysis that the underlying action was not barred by the five-year statute of limitations. For this reason, and because Mr. Desylvester's other points are without merit, we affirm the final judgment of foreclosure.

As this court did in <u>Bollettieri Resort Villas</u>, 198 So. 3d at 1142-43, we certify conflict with the holding of the Fifth District in <u>Hicks v. Wells Fargo Bank, N.A.</u>, 178 So. 3d 957, 959 (Fla. 5th DCA 2015), to the extent that our decision conflicts with the holding in <u>Hicks</u>.

Affirmed; conflict certified.

SLEET and SALARIO, JJ., Concur.