NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THE HUNTINGTON NATIONAL BANK,  )
Successor By Merger To The  )
Huntington Mortgage Company,  )
                            )
        Appellant,  )
                            )
v.  )   Case Nos.  2D16-3347
                            )               2D16-4042
                            )
WARREN WATTERS A/K/A WARREN  )
A. WATTERS; UNKNOWN SPOUSE  )   CONSOLIDATED
OF WARREN WATTERS; TERESA A.  )
WATTERS; SUNTRUST BANK; FIA  )
CARD SERVICES, N.A.; CAPE HAZE  )
PROPERTY OWNERS ASSOCIATION,  )
INC,; UNKNOWN TENANT #1;  )
UNKNOWN TENANT #2,  )
                            )
        Appellees.  )
                            )

Opinion filed June 30, 2017.

Appeals from the Circuit Court for
Charlotte County; James R. Thompson,
Senior Judge.

Victor H. Veschio and Georgi Angelov of
Gibbons Neuman, Tampa, for Appellant.

Gregg Horowitz, Sarasota, for Appellee
Warren Watters.

No appearance for remaining Appellees.

CRENSHAW, Judge.

Because the trial court erred in finding that Huntington National Bank's (Huntington) attempt to foreclose on Warren Watters's property was barred by the statute of limitations, we reverse.

On February 24, 2015, Huntington initiated a second action to foreclose on Watters's property, alleging the same default dates indicated in the first action,[1] "August 1, 2007, and all subsequent payments." In his answer, Watters asserted numerous affirmative defenses, including that the statute of limitations had run in 2012. The trial court granted final summary judgment for Watters, basing its decision solely upon a finding that the action was barred by the statute of limitations. We disagree. This court has held that alleging "a continuing state of default at the time of the filing of the complaint [is] sufficient to satisfy the . . . statute of limitations." Desylvester v. Bank of N.Y. Mellon, 42 Fla. L. Weekly D1357 (Fla. 2d DCA June 23, 2017); see also Bollettieri Resort Villas Condo. Ass'n v. Bank of N.Y. Mellon, 198 So. 3d 1140, 1142 (Fla. 2d DCA 2016) ("[T]he bank's complaint was sufficient to establish that foreclosure could be based on any of the missed payments since the initial breach and was therefore not barred by the statute of limitations."), review granted, No. SC16–1680 (Fla. Nov. 2, 2016). As Huntington's complaint had asserted a "continuing state of default" since August 1, 2007, Huntington had the right to foreclose for each default which was within the statutory period, and the action was therefore not barred.

---

[1]That action was involuntarily dismissed without prejudice on October 9, 2013.

Accordingly, we reverse the final summary judgment and the final judgment of attorney fees and costs for Watters.

Reversed.


NORTHCUTT and CASANUEVA, JJ., Concur.