DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARIE CARMEN KEBREAU,**
Appellant,

v.

**BAYVIEW LOAN SERVICING, LLC,** in substitution for the original
Plaintiff **CHRISTIANA TRUST,** a division of **WILMINGTON SAVINGS
FUND SOCIETY, FSB,** as Trustee for **NORMANDY MORTGAGE TRUST,
SERIES 2013-18,**
Appellee.

No. 4D16-2010

[July 12, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; Dale Ross, Judge; L.T. Case No. CACE15014137 (11).

Catherine A. Riggins, Miami, for appellant.

Thomas Wade Young and Joseph B. Towne of Lender Legal Services,
LLC, Orlando, for appellee.

WARNER, J.

A homeowner appeals a final judgment of foreclosure, raising multiple issues. We address briefly the homeowner's argument that the foreclosure action was barred by the statute of limitations, as well as her contention that the mortgage was invalid because the deed to her was legally insufficient. We hold that the complaint was not barred by the statute of limitations where it alleged continuing defaults. As to the deed, the homeowner failed to properly raise her claim of its invalidity, and in any event, its defect was cured through the after-acquired title doctrine. We reverse, however, the attorney's fees award, as the appellee concedes that it did not present sufficient evidence to support the attorney's fees in the final judgment.

The homeowner argues that the final judgment of foreclosure should be reversed as barred by the statute of limitations because the complaint alleges that the homeowner defaulted in failing to make the payment due in July 2010, which occurred more than five years prior to the complaint

being filed. The appellee counters that the complaint also alleged that the homeowner had failed to make all subsequent payments. Thus, the complaint alleged defaults that fell within the five-year limitations period. The Second District Court of Appeal addressed nearly identical facts in both *Bollettieri Resort Villas Condominium Ass'n, Inc. v. Bank of New York Mellon*, 198 So. 3d 1140 (Fla. 2d DCA 2016), and *Desylvester v. Bank of New York Mellon*, No. 2D15-5053, 2017 WL 2562370 (Fla. 2d DCA June 14, 2017). It concluded that "the allegations of the complaint in the underlying action that the borrowers were in a continuing state of default at the time of the filing of the complaint was sufficient to satisfy the five-year statute of limitations." *Desylvester*, at *3. We agree with *Bollettieri* and *Desylvester. Accord Deutsche Bank Tr. Co. Ams. v. Beauvais*, 188 So. 3d 938, 945 (Fla. 3d DCA 2016) (en banc); *Kaan v. Wells Fargo Bank, N.A.*, 981 F.Supp. 2d 1271, 1274 (S.D. Fla. 2013). *Contra Hicks v. Wells Fargo Bank, N.A.*, 178 So. 3d 957, 959 (Fla. 5th DCA 2015) (holding that a foreclosure complaint alleging a default in payment in 2006 and all subsequent payments was barred by statute of limitations because the date of default was more than five years prior to filing complaint).

The homeowner also contends that the mortgage was invalid because she failed to acquire legal title to the property due to a defect in the legal description in the deed to homeowner. The homeowner waived this defense, however, by not raising it in her answer. *See Heartwood 2, LLC v. Dori*, 208 So. 3d 817, 821 (Fla. 3d DCA 2017). Moreover, under the after-acquired title doctrine, any error in the original deed was corrected by a subsequent corrective deed. *See Layne v. Layne*, 74 So. 3d 161, 163 (Fla. 1st DCA 2011); *BCML Holding LLC v. Wilmington Tr., N.A.*, 201 So. 3d 109, 112 (Fla. 3d DCA 2015) ("The doctrine of after-acquired title applies to mortgages."); *Rose v. Lurton Co.*, 149 So. 557, 558 (1933).

The homeowner argues that there was insufficient evidence presented to support the award of attorney's fees in the final judgment of foreclosure. The appellee concedes this point, as there was no testimony from counsel as to time spent. We therefore reverse the award of attorney's fees.

As to all other issues raised, we affirm without further comment.

*Affirmed in part; reversed in part.*

GERBER, C.J., and FORST, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2