DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRANDON DEPICCIOTTO** and **DAWN DEPICCIOTTO,**
Appellants,

v.

**NATIONSTAR MORTGAGE LLC, CITY OF PALM BEACH** and **ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER AND AGAINST THE ABOVE-NAMED DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSE, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS,**
Appellees.

No. 4D16-3254

[ August 16, 2017 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Peter D. Blanc, Judge; L.T. Case No. 2014 CA002544 XXXXMB.

James A. Bonfiglio, Boynton Beach, for appellants.

Nancy M. Wallace of Akerman LLP, Tallahassee, William P. Heller of Akerman LLP, Fort Lauderdale, and Eric M. Levine of Akerman LLP, West Palm Beach, for Appellee Nationstar Mortgage, LLC.

CYNAMON, ABBY, Associate Judge.

Appellants Brandon and Dawn DePicciotto appeal from a final judgment of foreclosure entered in favor of Nationstar Mortgage, LLC ("Nationstar") in this third foreclosure action. Appellants raise two issues on appeal. First, appellants assert that the trial court erred in entering final judgment in favor of Nationstar as the statute of limitations had expired five years after the February 1, 2009 alleged default date, therefore making Nationstar's March 3, 2014 foreclosure filing untimely. Second, appellants assert that the trial court erred in entering final judgment in favor of Nationstar because the involuntary dismissal with prejudice of the first foreclosure action filed by Aurora in January 2009 acted as an adjudication on the merits. Appellants assert that the doctrines of res judicata and collateral estoppel prevent Nationstar from filing this suit and

relitigating any issues.  We affirm the trial court on both issues.

First, Nationstar's foreclosure action was not barred by the statute of limitations where it alleged and proved separate and continuing defaults that fell within the five years preceding the filing of this suit.  *See Bartram v. U.S. Bank Nat'l Ass'n*, 211 So. 3d 1009, 1021 (Fla. 2016) ("Once there were future defaults, however, the Bank had the right to file a subsequent foreclosure action—and to seek acceleration of all sums due under the note—so long as the foreclosure action was based on a subsequent default, and the statute of limitations had not run on that particular default."); *Kebreau v. Bayview Loan Servicing, LLC*, 4D16-2010, 2017 WL 2983999 (Fla. 4th DCA July 12, 2017) (holding that "the complaint was not barred by the statute of limitations where it alleged continuing defaults"); *Klebanoff v. Bank of New York Mellon*, 5D16-1637, 2017 WL 2818078, at *3 (Fla. 5th DCA June 30, 2017) ("Because the Bank alleged and proved that the subject mortgage was in a continuous state of default, which included defaults within the five-year statute of limitations, its action was not barred, even if the initial default was alleged to have occurred more than five years prior to the filing of the complaint."); *Desylvester v. Bank of New York Mellon*, No. 2D15-5053, 2017 WL 2562370, at *3 (Fla. 2d DCA June 14, 2017) (concluding that "the allegations of the complaint in the underlying action that the borrowers were in a continuing state of default at the time of the filing of the complaint was sufficient to satisfy the five-year statute of limitations"); *Bollettieri Resort Villas Condo. Ass'n, Inc. v. Bank of N.Y. Mellon*, 198 So. 3d 1140, 1142 (Fla. 2d DCA 2016) (complaint alleging a continuing state of default "was sufficient to establish that foreclosure could be based on any of the missed payments since the initial breach"), *rev. granted*, No. SC16-1680 (Fla. Nov. 2, 2016).

We distinguish cases where the plaintiff in a foreclosure action relied upon a specific default date that was beyond the statute of limitations period.  *See Collazo v. HSBC Bank USA, N.A.*, 213 So. 3d 1012, 1013 (Fla. 3d DCA 2016) (reversing foreclosure judgment where plaintiff "asserted the same payment default date and basis for acceleration in both the 2008 and 2014 complaints, a date over five years preceding the commencement of the 2014 case in the circuit court"); *Hicks v. Wells Fargo Bank, N.A.*, 178 So. 3d 957, 959 (Fla. 5th DCA 2015) (where trial counsel for the parties stipulated to a default date that was outside of the five-year statute of limitations period, the trial court erred in failing to dismiss the complaint).

Second, we find no merit to appellants' contention that res judicata and collateral estoppel prevented litigation and adjudication of the issues in this iteration of the case by Nationstar.  Neither res judicata nor collateral estoppel is applicable in this case because Nationstar's 2014 action was

predicated upon "subsequent and different defaults," which presented a "separate and distinct issue." *See Singleton v. Greymar Associates*, 882 So. 2d 1004, 1007–08 (Fla. 2004) (concluding that "the doctrine of res judicata does not necessarily bar successive foreclosure suits," and explaining that while "a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue"); *Aronowitz v. Home Diagnostics, Inc.*, 174 So. 3d 1062, 1066 (Fla. 4th DCA 2015) (citation omitted) (for collateral estoppel to apply, the specific issue must have been "actually litigated and decided in the former suit").

For the foregoing reasons, we affirm the final judgment.

*Affirmed.*

DAMOORGIAN and KUNTZ, JJ., and, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3