DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE,** for the
Registered Holders of Nomura Home Equity Home Loan, Inc., Asset-
Backed Certificates, Series 2007-2,
Appellant,

v.

**THE ESTATE OF CHLOE ANN PETERCEN** a/k/a **CHLOE ANN
PETERSEN, DECEASED,** and **MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,** as Nominee for Master Financial, Inc.,
Appellees.

No. 4D16-3283

[September 27, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit,
Indian River County; Paul B. Kanarek, Judge; L.T. Case No. 31-2015-CA-
0716.

Michael D. Starks of Greenberg Traurig, P.A., Orlando, and Patrick G.
Broderick of Greenberg Traurig, P.A., West Palm Beach, for appellant.

No appearance for appellees.

CONNER, J.

Appellant ("the Bank") appeals the trial court's order dismissing its
foreclosure suit and the order denying its motion for rehearing. The Bank
argues that the trial court erred in dismissing the case based on unpled
and unproven defenses of *res judicata* and statute of limitations. Although
we agree with most of the Bank's arguments on appeal, we need not
address them in detail. Based on *Bartram v. U.S. Bank National
Association*, 211 So. 3d 1009 (Fla. 2016), clarifying the effect of prior
dismissals on subsequent foreclosure proceedings, it is clear the trial court
erred.

*Background*

On September 5, 2015, the Bank filed the foreclosure action below
against the defendants, which included the unknown heirs of the

homeowner's estate. The complaint alleged a default under the note and mortgage "as of November 1, 2009, and all subsequent payments." Thereafter, an attorney *ad litem* was appointed to represent the unknown heirs and the estate. The attorney *ad litem* filed an answer and report on behalf of the defendants, raising the statute of limitations as an affirmative defense. Specifically, the affirmative defense stated that the action was filed over five years after the date of default and that the action was therefore time-barred. Additionally, the affirmative defense stated that an earlier foreclosure case brought by the Bank in 2011 had been dismissed without prejudice in May 2013.

Subsequently, the Bank moved to amend the complaint to add a party defendant, attaching a proposed amended complaint. The trial court granted the motion, ordered that the amended complaint was deemed filed, and gave the defendants ten days to respond to the amended complaint. No response to the amended complaint was ever filed by any of the defendants, nor was anything further filed with the court on their behalf. The matter proceeded to a bench trial with no appearance for the defendants.

At the beginning of the trial, the Bank's counsel advised the trial court that the answer brief filed by the attorney ad litem alleged a statute of limitations issue, and that there *was* a statute of limitations issue in the case. He explained that the default occurred in 2009, and that a prior foreclosure action had been filed in 2011 but was dismissed without prejudice in 2013. He further explained that this second suit, alleging the same original default date, was filed in 2015, almost 6 years after that original default date. The Bank's counsel argued, before presenting any evidence, that the appropriate remedy would be to recalculate the amounts of principal and the amount of fees at the five-year cut-off to bring the dates within the statute of limitations. The trial court noted that it needed more time to review the case law on this issue, but that it would listen to the Bank's evidence that day. As such, the Bank proceeded to present its evidence and reargued its earlier position about the statute of limitations. A recess was taken, after which the Bank's counsel presented the trial court with the recalculated figures bringing the amount due within the five-year limit from the commencement of the suit. The trial court asked counsel to send it a judgment stating that there was a prior foreclosure which was dismissed and showing that the recalculated judgment amount was based on the case law argued by counsel. However, the trial court also noted that it would still be reviewing the case law before entering its judgment.

Three days later, the trial court issued an order of dismissal, stating

2

that the Bank had previously filed a foreclosure suit involving the same property and mortgage, alleging a default as of November 1, 2009 and all subsequent payments.  It noted that the first case was dismissed on May 3, 2013 and that:

> The dismissal of [the first case] which alleges a default on November 1, 2009, bars a subsequent suit on the same cause of action. *Olympia Mortgage Corp. v. Pugh,* 774 So. 2d 863 (Fla. 4th DCA 2000); *Singleton v. Greymar Associates*, 882 So. 2d 1004 (Fla. 2004); *U.S. Bank National Association v. Bartram,* 140 So. 3d 1007 (Fla. 5th DCA 2014).

Therefore, the trial court dismissed the instant case, finding that the Bank could not bring a second action alleging a default on the same date.

The Bank then filed a motion for rehearing, arguing that nobody had appeared on behalf of the defendants at trial, and that there was therefore no evidence presented to support the statute of limitations defense which they had the burden to prove.  The Bank additionally argued that the first action was dismissed *without prejudice* and that a subsequent action on that same date would not be precluded on *res judicata* grounds, which had not even been properly raised as a defense, nor was it barred by the statute of limitations because the entire debt did not become due upon default of payment, but upon the filing of the first action in August 2011, which was less than five years before this second suit was filed.  Alternatively, the Bank asserted that at least the suit would not have been barred as to the amounts due within the five-year limit, where it had alleged a default of not only one date, but of "all subsequent payments."  The trial court denied the Bank's motion for rehearing.  The Bank gave notice of appeal.

*Analysis*

We apply a de novo standard of review to issues of the application of *res judicata* and the statute of limitations.  *Aronowitz v. Home Diagnostics, Inc.*, 174 So. 3d 1062, 1065 (Fla. 4th DCA 2015); *Philip Morris USA, Inc. v. Barbanell,* 100 So. 3d 152, 157 (Fla. 4th DCA 2012).

The trial court was of the opinion that a subsequent foreclosure proceeding is barred when it alleges the same beginning default date alleged in a prior foreclosure proceeding that was dismissed.  As quoted above from the trial court order, the trial court relied on and cited the Fifth District's opinion in *Bartram.*  *Bartram* dealt with the statute of limitations defense.

As clarified by our supreme court in *Bartram*, issued a few months after the trial court's dismissal of the instant case, the trial court erred. The Bank's counsel alerted the trial court that the supreme court's review of the Fifth District's opinion in *Bartram* was pending at the time of trial, but as discussed in the order of dismissal, proceeded to urge the trial court to adopt the position of the Third District in its initial opinion in *Collazo v. HSBC Bank, USA, N.A.*, 41 Fla. L. Weekly D933 (Fla. 3d DCA Apr. 13, 2016), opinion withdrawn and superseded on reh'g, 213 So. 3d 1012 (Fla. 3d DCA 2016), allowing a subsequent foreclosure where the complaint used the same beginning default date in a prior proceeding, but limiting the amount of the judgment to sums overdue within five years of the date the subsequent suit was filed. The trial court did not find the *Collazo* opinion to be persuasive authority, because it was not final and conflicted with existing case law in this District. Instead, as discussed above, the trial court dismissed the case. We note that subsequent to the trial in this case, the Third District withdrew its initial opinion in *Collazo* and issued an opinion on rehearing, reversing its initial opinion and determining dismissal of the action was appropriate because a single date of default was alleged in the subsequently filed complaint. *Collazo*, 213 So. 3d at 1013.

In *Bartram*, our supreme court clarified a few points of law regarding the effect of prior dismissals of foreclosure proceedings with regards to *res judicata* and the statute of limitations defense. The crux of the analysis concerning both defenses revolved around the equities of foreclosure and the recognition that each default in monthly payments creates a continuing cause of action. *Bartram*, 211 So. 3d at 1017. ("Our recognition in *Singleton* that each new default presented a separate cause of action was based upon the acknowledgement that because foreclosure is an equitable remedy, '[t]he ends of justice require that the doctrine of res judicata not be applied so strictly so as to prevent mortgagees from being able to challenge multiple defaults on a mortgage.'" (alteration in original)) (quoting *Singleton v. Greymar Assoc.*, 882 So. 2d 1004, 1018 (Fla. 2004)). The supreme court's analysis was also premised on the standard language in residential mortgages granting reinstatement of the mortgage after default, and its agreement with the position of the Real Property Law Section of the Florida Bar that "[t]he lender's right to accelerate is subject to the borrower's continuing right to cure." *Id.* at 1020-21. The supreme court concluded that "the dismissal of the foreclosure action [has] the effect of revoking the acceleration." *Id.* at 1021.

Even more pertinent to this case, the supreme court said:

Therefore, *with each subsequent default, the statute of limitations runs from the date of each new default* providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and mortgage.

Consistent with the reasoning of *Singleton, the statute of limitations on the balance under the note and mortgage would not continue to run after an involuntary dismissal, and thus the mortgagee would not be barred by the statute of limitations from filing a successive foreclosure action premised on a "separate and distinct" default. Rather, after the dismissal, the parties are simply placed back in the same contractual relationship as before, where the residential mortgage remained an installment loan, and the acceleration of the residential mortgage declared in the unsuccessful foreclosure action is revoked.*

*Id.* at 1019 (emphases added). Additionally, after noting that "*a dismissal without prejudice would allow a mortgagee to bring another foreclosure action premised on the same default as long as the action was brought within five years of the default per section 95.11(2)(c)*[, Fla. Stat.]," the court went on to say, "[w]hether the dismissal of the initial foreclosure action by the court was with or without prejudice may be relevant to the mortgagee's ability to collect on past defaults," alluding to a *res judicata* defense. *Id.* at 1020 (emphases added).

After *Bartram*, two of our sister courts have addressed *res judicata* and statute of limitations issues with fact patterns similar to the instant case.

In *Deslyvester v. Bank of New York Mellon,* 219 So. 3d 1016 (Fla. 2d DCA 2017), the bank filed a foreclosure action in 2012, alleging "the borrowers had defaulted on their regular monthly payment due on October 1, 2008, 'and all subsequent payments.'" *Id.* at 1018. That action was dismissed for reasons not disclosed in the record. *Id.* Then in December 2014, the bank filed a second foreclosure action, again alleging the failure to make the payment due on October 1, 2008, "and all subsequent payments." *Id.* Quoting the language of *Bartram* that "with each subsequent default, the statute of limitations runs from the date of each new default," the Second District affirmed the trial court order denying the affirmative defense of statute of limitations, concluding "the allegations of the complaint in the underlying action that the borrowers were in a continuing state of default at the time of the filing of the complaint was sufficient to satisfy the five-year statute of limitations." *Id.* at 1019-20 (citations omitted). We note it is unclear from the discussion of the facts

in *Deslyvester* that the trial court entered a judgment only for defaults in monthly payments within five years before the date the last suit was filed, but we assume that is the case.

In *Forero v. Green Tree Servicing, LLC*, -- So. 3d --, 2017 WL 2989493 (Fla. 1st DCA July 14, 2017), the mortgage holder filed a foreclosure action in February 2010, alleging a "failure to pay on 'December 1, 2008 and all subsequent payments.'" *Id.* at *1. The first suit was voluntarily dismissed in December 2011. *Id.* A second suit was filed in February 2013, alleging the same default language in the first complaint. *Id.* The second suit was voluntarily dismissed in April 2013. *Id.* A third suit was filed in April 2014, again alleging the same default language in the first complaint. *Id.* Citing *Bartram*, the First District affirmed the trial court's denial of the *res judicata* defense, reasoning that the defense did not apply "because the open-ended series of defaults included different missed payments at issue in each suit." *Id.* at *3. Likewise, relying on *Bartram*, the First District affirmed the denial of the statute of limitations defense, concluding "each missed payment constituted a new default." *Id.* at *4. We note that in a footnote, the First District acknowledged that it did not address "[t]he effect of the passage of time, if any, upon the amount recoverable via foreclosure judgment when the initial default in a continuous series of defaults occurred more than five years before the filing of the complaint," because the issue was not addressed in the trial court or on appeal. *Id.* at *4 n4.

We recently reached similar results in *Depicciotto v. Nationstar Mortgage LLC*, — So. 3d — 2017 WL 3500337 (Fla. 4th DCA Aug. 16, 2017). (holding a foreclosure action was not barred by the statute of limitations where it alleged and proved separate and continuing defaults that fell within the five years preceding the filing of the subsequent suit, and *res judicata* is not applicable because the subsequent action was predicated upon "subsequent and different defaults," which presented a "separate and distinct issue").

*Conclusion*

Because the trial court dismissed the proceeding below on the grounds of *res judicata* and the statute of limitations after a prior proceeding was dismissed without prejudice, we hold the trial court erred where the subsequent complaint alleged a continuing default in monthly payments.

The record indicates that the Bank presented a calculation of the amount due under the note and mortgage which did not include defaulted payments and charges which accrued more than five years before the last suit was filed. We remand the case for the trial court to vacate the order

of dismissal and to enter a judgment of foreclosure consistent with this opinion. If necessary, the trial court may take further evidence on the appropriate amount of the judgment.

*Reversed and Remanded*

TAYLOR and MAY, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**