DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IT'S A NEW 10, LLC, IT'S A 10, INC.,** and **CAROLYN ARONSON,**
Appellants/Cross-Appellees,

v.

**MICHAEL WILSON, WILSON BOLYN BUSINESS DEVELOPMENT, INC.**
and **CONJURE HAIR CARE, INC.,**
Appellees/Cross-Appellants.

No. 4D22-732

[August 2, 2023]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case Nos. CACE15-001127(08), CACE15-002830(08), CACE18-019706(08) and CACE18-026579(08).

Allen P. Pegg and Robert C. Leitner of Hogan Lovells US LLP, Miami, and Robert B. Miller of Robert B. Miller Law, LLC, Miami Beach, for appellants/cross-appellees.

Leonard K. Samuels, Andrew B. Zelmanowitz, and Fred O. Goldberg of Berger Singerman LLP, Fort Lauderdale, for appellees/cross-appellants.

GERBER, J.

The circuit court presided over a two-week jury trial in this complex and long-running business dispute. The appellants do not appeal any aspect of the verdict reflected in the circuit court's final judgment. Instead, the appellants appeal from four pre-trial orders subsumed within the final judgment. The appellants claim those orders improperly limited the scope of their claims and damages and prevented such claims from being tried by the jury. We conclude the appellants' arguments on appeal are not meritorious and do not require further discussion.

The appellees cross-appeal from several orders, evidentiary rulings, and jury instructions subsumed within the final judgment as well. We conclude the appellees' only meritorious argument is their argument that the circuit court erred in denying a motion for partial summary judgment seeking a finding that a fraud in the inducement claim was time-barred.

*See HSBC Bank USA, Nat'l Ass'n for Registered Holders of Nomura Home Equity Home Loan, Inc. v. Est. of Petercen*, 227 So. 3d 640, 642 (Fla. 4th DCA 2017) ("We apply a de novo standard of review to issues of the application of … the statute of limitations."). The appellees' other arguments on cross-appeal are not meritorious and do not require further discussion.

The fifth amended complaint's Count VII for fraud in the inducement claimed the alleged fraudulent misrepresentations occurred no later than November 22, 2013. Thus, the four-year limitations period for the fraud in the inducement claim would have expired four years later, by November 22, 2017. *See* § 95.11(3)(j), Fla. Stat. (2013) ("Actions other than for recovery of real property shall be commenced as follows … [w]ithin four years … [a] legal or equitable action founded on fraud.").

However, the fifth amended complaint did not seek to add Count VII's fraud in the inducement claim until July 25, 2019, after the four-year limitations period had expired. We conclude the fraud in the inducement claim did not arise out of the same conduct, transaction, or occurrence set forth in previous complaints filed before the four-year limitations period had expired, and therefore did not relate back to the filing date of those previous complaints. *Compare* Fla. R. Civ. P. 1.190(c) ("When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading."), *with Kopel v. Kopel*, 229 So. 3d 812, 816 (Fla. 2017) ("[A] newly added claim could fail to meet the relation back test if the new claim is so factually distinct that it does not arise out of the same conduct, transaction, or occurrence as the original.") (emphasis omitted), *and Herrera v. Jarden Corp.*, 334 So. 3d 637, 642 (Fla. 4th DCA 2022) (affirming dismissal of an amended complaint's claim as time-barred where the claim "was based on different facts wholly unrelated to [the] original complaint").

Thus, we reverse the circuit court's order denying the partial summary judgment motion which had argued Count VII's fraud in the inducement claim was time-barred. We further reverse the final judgment's paragraph 1 and that portion of paragraph 3 awarding compensatory damages and interest based on Count VII's fraud in the inducement claim. We otherwise affirm the final judgment in all remaining respects.

We remand for the circuit court to enter an amended final judgment which deletes the final judgment's paragraphs 1 and paragraph 3. Paragraph 3's remaining portion—awarding compensatory damages and

2

interest based on Count IX's valid unjust enrichment claim—already is stated in the final judgment's paragraph 2.  Due to the necessity of deleting the final judgment's paragraphs 1 and 3, we direct the circuit court to renumber the amended final judgment's paragraphs accordingly.

*Affirmed in part, reversed in part, and remanded with directions.*

GROSS and LEVINE, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***