DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION** f/k/a The Bank of New York Trust Company, N.A., as Successor to JPMorgan Chase Bank, N.A., as Trustee for Ramp 2003RS9,
Appellant,

v.

**HARLAN S. GINSBERG, UNKNOWN HEIRS, BENEFICIARIES, DEVISEES AND ALL OTHER PARTIES CLAIMING AN INTEREST BY, THROUGH, UNDER OF THE ESTATE OF FRANCES L. GINSBERG** a/k/a **FRANCES LILA GINSBERG** a/k/a **FRANCES LILLIAN GINSBERG,** deceased,
Appellees.

No. 4D16-3168

[July 5, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. 10-26422 .

Kimberly S. Mello and Danielle M. Diaz of Greenberg Traurig, P.A., Tampa, for Bank of New York Mellon Trust Company, National Association.

David A. Strauss of The Strauss Law Firm, P.A., Fort Lauderdale, for appellee Harlan S. Ginsberg.

HANZMAN, MICHAEL A., Associate Judge.

Appellant, the Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A., as Successor to JPMorgan Chase Bank, N.A., as Trustee for Ramp 2003RS9 (the "Bank"), seeks reversal of summary judgment in favor of appellee, Harlan Ginsberg ("Ginsberg"). The Bank asserts that the disparity between the name of the trust in the complaint and the name of the trust in the special endorsement to the promissory note did not create a standing defect. We agree and reverse.

The Bank alleged in its complaint that it was trustee of the "Ramp

2003RS9" trust. The Bank subsequently filed a copy of the promissory note. The note had a special endorsement in favor of "The Bank of New York Mellon Trust Company, National Association F/K/A The Bank of New York Trust Company, N.A. as Successor to JPMorgan Chase Bank, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2003-RS9." Although the Bank moved to correct the scrivener's error in the complaint, the trial court denied the Bank's motion. Ginsberg then moved for summary judgment, arguing that the Bank "named the wrong trust" in its complaint. The only evidence Ginsberg offered to support the motion was the trial court's denial of the Bank's motion to correct the scrivener's error. The Bank did not offer evidence to oppose summary judgment. The trial court granted summary judgment and the Bank appealed.

We review the trial court's grant of summary judgment de novo. *See Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000).

A plaintiff has standing to foreclose if, at the time the complaint is filed, it possesses the promissory note and the note bears either a special endorsement in favor of the plaintiff or a blank endorsement. *McLean v. JP Morgan Chase Bank Nat'l. Assoc.*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). Here, the special endorsement on the note is in favor of the Bank, and Ginsberg offered no evidence to show the Bank lacked possession of the note at the time it filed the complaint. To prove standing, a plaintiff is not required to identify or prove the trust on whose behalf the plaintiff acts. *See id.* Thus, in this case, the fact that the trust identified in the complaint is somewhat different from the trust identified in the special endorsement does not create a defect in standing. *See also* Fla. R. Civ. P. 1.120(a) ("It is not necessary to aver the capacity of a party to sue or be sued . . . except to the extent required to show the jurisdiction of the court.").

Additionally, the Bank had no burden to come forward with evidence to oppose Ginsberg's motion for summary judgment. Ginsberg did not "tender[] competent evidence in support of his motion" for summary judgment. *Wells Fargo Bank, N.A. v. Bilecki*, 192 So. 3d 559, 561 (Fla. 4th DCA 2016) (quoting *Craven v. TRG-Boynton Beach, Ltd.*, 925 So. 2d 476, 479 (Fla. 4th DCA 2006)). Thus, the Bank was not obligated "to come forward with opposing evidence." *See id.*

We therefore reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings.*

DAMOORGIAN and CIKLIN, JJ., concur.

*                *                *

**Not final until disposition of timely filed motion for rehearing.**