CRENSHAW, Judge.
PHH Mortgage Corporation appeals the trial court's order granting the Parishes' motion for involuntary dismissal of PHH's foreclosure action. Because the trial court erred in concluding that *339 Bartram v. U.S. Bank National Ass'n, 211 So.3d 1009 (Fla. 2016), required dismissal of PHH's complaint even though PHH alleged a continuing state of default, we reverse.
In the June 2014 foreclosure complaint, PHH alleged that the Parishes defaulted by failing to make the August 1, 2009, payment "and all subsequent payments." Apparently, PHH had previously attempted to foreclose on the mortgage with a complaint that alleged the Parishes defaulted by failing to make the July 1, 2009, payment. The trial court dismissed that prior action without prejudice in 2013 because PHH "failed to establish that [the Parishes] [had] not paid the mortgage and therefore [PHH] [had] failed to prove a default." When ruling on the Parishes' motion for involuntary dismissal in this case, the trial court referenced Bartram and announced that it was granting the Parishes' motion because "a subsequent foreclosure action after one that's been voluntarily dismissed has to be based on a default that occurred subsequent to the date of dismissal, the prior foreclosure action, okay."
In Bartram, the supreme court explained that a "mortgagee would not be barred by the statute of limitations from filing a successive foreclosure action premised on a 'separate and distinct' default" from the default that predicated the initial foreclosure action. 211 So.3d at 1019. And this court has explained that "alleging 'a continuing state of default at the time of the filing of the complaint [is] sufficient to satisfy the ... statute of limitations.' " Huntington Nat'l Bank v. Watters, 228 So.3d 595, 596 (Fla. 2d DCA 2017) (alterations in original) (quoting Desylvester v. Bank of N.Y. Mellon, 219 So.3d 1016, 1020 (Fla. 2d DCA 2017) ). Here, PHH based its successive foreclosure action on a separate and distinct default where PHH alleged the Parishes were in a continuing state of default. Thus, the trial court erred in ruling that Bartram required dismissal of this foreclosure action.
We also reject the Parishes' tipsy coachman argument that the default letter did not substantially comply with paragraph twenty-two of the mortgage where it provided an inaccurate amount for the Parishes to pay in order to cure the default because the Parishes did not deny the performance of that condition precedent with specificity and particularity. See Deutsche Bank Nat'l Trust Co. v. Quinion, 198 So.3d 701, 703-04 (Fla. 2d DCA 2016). Accordingly, we reverse the order granting the Parishes' motion for involuntary dismissal and remand for further proceedings.
Reversed and remanded.
CASANUEVA and LUCAS, JJ., Concur.