IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEUTSCHE BANK NATIONAL TRUST COMPANY
AS TRUST FOR FIRST FRANKLIN MORTGAGE
LOAN TRUST 2006-FF16, ASSET-BACKED
CERTIFICATES SERIES 2006-FF16,

      Appellant,

 v.                                    Case No.  5D17-710

PAUL A. GREEN,

      Appellee.

_____/

Opinion filed July 27, 2018

Appeal from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

N. Mark New, II, William L. Grimsley and
Joseph A. Apatov, of McGlinchey Stafford,
Jacksonville, for Appellant.

Mark P. Stopa, of Stopa Law Firm, Tampa,
and Latasha C. Scott, of Lord Scott, PLLC,
Tampa, for Appellee.

PER CURIAM.

Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage

Loan Trust 2006-FF16, Asset-Backed Certificates Series 2006-FF16 (Bank), appeals the

trial court's involuntary dismissal of its foreclosure action against Paul A. Green on statute

of limitations grounds.  Because the specific default date asserted in Bank's foreclosure

complaint, July 1, 2010, was within the five years prior to the filing of its complaint on June 30, 2015, the action was not barred by the statute of limitations, and it was error to conclude otherwise. See Bank of N.Y. Mellon v. Stallbaum, 230 So. 3d 1271, 1271 (Fla. 5th DCA 2017) (concluding that where complaint alleged a continuous state of default that included acts of default occurring within five-year period, statute of limitations did not bar complaint); Klebanoff v. Bank of N.Y. Mellon, 228 So. 3d 167, 168–69 (Fla. 5th DCA 2017) ("Because Bank alleged and proved missed payments within five years prior to the filing of its complaint, its action was not barred by statute of limitations."). It does not matter that a prior foreclosure action based on the same note and mortgage was involuntarily dismissed. Bank "ha[s] the right to file a subsequent foreclosure action—and to seek acceleration of all sums due under the note—so long as the foreclosure action was based on a subsequent default, and the statute of limitations ha[s] not run on that particular default." Bartram v. U.S. Bank Nat'l Ass'n, 211 So. 3d 1009, 1012 (Fla. 2016). Green concedes this point on appeal, noting in his answer brief that at the time the trial court involuntarily dismissed Bank's foreclosure complaint, it did not have the benefit of this Court's opinion in Stallbaum.

Nevertheless, Green urges us to affirm based on a series of tipsy coachman arguments.[1] We have thoroughly reviewed Green's arguments in support of affirmance and find no merit in them. The evidence introduced at trial, including the original note and mortgage, the acceleration letter, and the payment history, established that the note and

---

[1] See Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 644 (Fla. 1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.").

mortgage executed by Green existed, Bank had standing to foreclose, Green failed to make the July 1, 2010 payment and all subsequent payments,[2] and that Green received the acceleration letter. See Bank of Am., N.A. v. Delgado, 166 So. 3d 857, 859 (Fla. 3d DCA 2015) (citing Kelsey v. SunTrust Mortg., Inc., 131 So. 3d 825, 826 (Fla. 3d DCA 2014)); see also Bowmar v. SunTrust Mortg., Inc., 188 So. 3d 986, 988 (Fla. 5th DCA 2016).

The acceleration letter contained the amount necessary to cure the default and reinstate the loan under paragraph 19 of the mortgage. Green argues that the acceleration letter did not substantially comply with paragraph 22 of the mortgage because the amount necessary to cure the default was incorrect due to the effect of the dismissal of the previous foreclosure action. He contends that pursuant to Bartram, 211 So. 3d at 1012, 1021, the borrower can cure the default by resuming normal monthly payments in the month after dismissal. However, this language in Bartram was discussing the reinstatement provision in paragraph 19, which clearly states that the amount necessary to cure the default and reinstate the loan consists of, among other things, "all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred" and "all expenses incurred in enforcing this Security Instrument." Reinstatement involves a new promise made by the borrower, based on the terms in paragraph 19, acknowledging the full amount owed under the loan in exchange for reinstatement of the loan. See Silva v. Robbins, 156 So. 280, 281–82 (Fla. 1934) (noting that moral obligation is sufficient consideration when barred debt is acknowledged

---

[2] The payment history showed that Green had not made any payments since before September 1, 2008.

3

in new promise); <u>Wassil v. Gilmour</u>, 465 So. 2d 566, 568 (Fla. 3d DCA 1985) (stating that acknowledgment of debt is a new promise) (citing <u>Jacksonville Am. Publ'g Co. v. Jacksonville Paper Co.</u>, 197 So. 672, 676–77 (Fla. 1940)). This new promise has the effect of acknowledging and reviving any barred debts creating "a new and independent cause of action on that separate undertaking." <u>Wassil</u>, 465 So. 2d at 568 (citing <u>Tate v. Clements</u>, 16 Fla. 339, 364, 366–67 (1878)); <u>accord</u> <u>Nolden v. Nolden</u>, 650 So. 2d 84, 85 (Fla. 5th DCA 1995). Thus, the dismissal of the previous foreclosure action has no applicability to the amount necessary to cure the default and reinstate the loan under paragraph 19.

Moreover, the trial court concluded Green suffered no prejudice from the content of the acceleration letter based on his testimony that he did not attempt to contact Bank or Bank's servicer after receiving the acceleration letter. <u>See</u> <u>Gorel v. Bank of N.Y. Mellon</u>, 165 So. 3d 44, 47 (Fla. 5th DCA 2015) (citing <u>Allstate Floridian Ins. Co. v. Farmer</u>, 104 So. 3d 1242, 1248–49 (Fla. 5th DCA 2012)). Green's argument that he was prejudiced would require reversing the trial court's finding that he was not. A tipsy coachman argument is not proper if it would result in an outcome other than an affirmance. <u>See</u> <u>MacKenzie v. Centex Homes</u>, 208 So. 3d 790, 793 n.3 (Fla. 5th DCA 2016); <u>Advanced Chiropractic & Rehab. Ctr. Corp. v. United Auto Ins. Co.</u>, 103 So. 3d 866, 869 (Fla. 4th DCA 2012). Similarly, Green's tipsy coachman argument concerning the effect the running of the statute of limitations on some payment defaults may have on the amount due on the note and mortgage encounters the same problem because it would, if successful, not result in affirmance but would instead merely reduce the amount

4

Bank can recover in the foreclosure judgment on remand after reversal.[3] See MacKenzie, 208 So. 3d at 793 n.3; Advanced Chiropractic & Rehab. Ctr. Corp., 103 So. 3d at 869.

Accordingly, we reverse the order of the trial court involuntarily dismissing the action and remand for a determination of the amount due and entry of final judgment of foreclosure in favor of Bank.

REVERSED and REMANDED with instructions.

TORPY and BERGER, JJ., and JOLLEY, M.G., Associate Judge, concur

---

[3] As the trial court has not yet made factual findings as to the amount Bank is due, we express no opinion as to the effect of the statute of limitations on this amount.