ORFINGER, J.
William L. Grant appeals the trial court's final judgment of foreclosure in favor of Citizens Bank, N.A. f/k/a RBS Citizens, N.A., following a non-jury trial. While Grant raises several issues, only two, the application of the statute of limitations and the award of attorney's fees, merit discussion. We consider this matter en banc so that we may recede from our opinion in Velden v. Nationstar Mortgage, LLC, 234 So.3d 850 (Fla. 5th DCA 2018), which held that a lender could not recover damages for defaults that occurred more than five years prior to the filing date of the lawsuit.[1] Instead, we adopt the view of the statute of limitations set forth in Justice Lawson's concurring opinion in Bollettieri Resort Villas Condominium Ass'n v. Bank of New York Mellon, 228 So.3d 72 (Fla. 2017).
In September 2005, Grant executed a note to SunTrust Mortgage, Inc., secured by a mortgage on real property. The note and mortgage were eventually transferred to Citizens Bank. After Grant failed to make the payment due in December 2010, and all subsequent payments, Citizens Bank accelerated Grant's loan, requiring him to pay the full unpaid principal amount of the loan, plus interest, fees and other charges to cure the default. Grant did not cure the default, and in November 2015, Citizens Bank filed the foreclosure complaint at issue (its third foreclosure action against Grant on the same note and mortgage), alleging Grant defaulted on the note and mortgage by failing to pay the December 2010 payment and all subsequent payments. The complaint sought interest from November 1, 2010, together with principal, attorney's fees and other damages. In response, among other affirmative defenses, Grant argued that the statute of limitations barred Citizens Bank from collecting any amounts due on the note and mortgage accruing more than five years prior to the filing of the complaint. Following a trial, the court entered final judgment in favor of Citizens Bank, and at Citizens Bank's request, awarded interest back to May 2009, a date more than five years prior to the filing of the foreclosure action.
On appeal, Grant argues it was error for the trial court to award interest that accrued more than five years prior to the filing of the action. He further contends that the trial court erred by awarding relief that was not requested in the pleadings or tried by consent. Because we recede from Velden, we disagree with Grant's argument concerning the statute of limitations.[2] However, we agree with his *158 position that the trial court erred when it awarded relief not requested in the pleadings.
Florida has a five-year statute of limitations for "action[s] on a contract, obligation, or liability founded on a written instrument," or "to foreclose a mortgage." § 95.11(2)(b)-(c), Fla. Stat. (2016). In the context of an installment obligation such as the note and mortgage found here, our supreme court held in Bartram v. U.S. Bank National Ass'n, 211 So.3d 1009, 1019 (Fla. 2016), that "with each subsequent default, the statute of limitations runs from the date of each new default providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and mortgage." Recently, in his concurring opinion in Bollettieri, Justice Lawson addressed what he perceived to be "a widespread and fundamental misunderstanding, in Florida, regarding how the statute of limitations, § 95.11(2)(c), Fla. Stat. (2017), operates vis-à-vis a long-term note (and mortgage)." 228 So.3d at 73 (Lawson, J., concurring). Justice Lawson observed that when the right to accelerate the debt for non-payment is optional with the holder of the note, the statute of limitations does not run until the note is due unless the lender or holder accelerates and declares the full balance due earlier. Id. at 74. Justice Lawson concluded that because the promissory note in that case allowed the lender or holder to hold off or forbear accelerating the note upon the borrower's non-payment, such forbearance would "not constitute a waiver or defense against future collection of all sums due and owing under the note." Id.
Here, the note contained the same provisions. Applying Bartram and the logic of Justice Lawson's concurring opinion in Bollettieri to this case, while Citizens Bank could have waited until the note's maturity date (i.e., fifteen years after the note was executed) to bring its action for nonpayment on the note and to foreclose the mortgage, it was not required to do so. Instead, Citizens Bank accelerated the debt, as it was permitted to do, and filed suit. Had it pleaded a default date of May 2009, more than six years from the first default date alleged (and proved) in the complaint, under Justice Lawson's analysis, Citizens Bank would not have waived or forfeited its right to an award in the final judgment of all monies, including interest, owed for non-payments on the note based on the statute of limitations defense. Nevertheless, since Citizens Bank failed to plead for interest from May 2009, and it was not tried by consent, the trial court erred in awarding interest accruing prior to November 2010. See Wachovia Mortg. Corp. v. Posti, 166 So.3d 944, 945 (Fla. 4th DCA 2015) ("A trial court is without jurisdiction to award relief that was not requested in the pleadings or tried by consent."); see also Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC, 986 So.2d 1244, 1252 (Fla. 2008) (reiterating that to allow court to rule on matter without proper pleadings and notice violates party's due process rights).
Grant also challenges the trial court's award of attorney's fees. He argues that Citizens Bank offered no evidence to support the award of attorney's fees. We agree. Because Citizens Bank did not present any evidence of attorney's fees at trial, we reverse the fee award without remand on that issue. See *159 Colson v. State Farm Bank, F.S.B., 183 So.3d 1038, 1040 (Fla. 2d DCA 2015) (explaining that "when the record on appeal is devoid of competent substantial evidence to support the attorney's fee award, the appellate court will reverse the award without remand for additional evidentiary findings" (quoting Diwakar v. Montecito Palm Beach Condo. Ass'n, 143 So.3d 958, 961 (Fla. 4th DCA 2014) ) ).
Accordingly, we affirm the judgment except insofar as it awards interest accruing prior to November 1, 2010. In doing so, we recede from Velden and adopt the view articulated in Justice Lawson's concurring opinion in Bollettieri regarding the statute of limitations in installment obligation cases. We also strike the award of attorney's fees.
AFFIRMED in part; REVERSED in part; and REMANDED.
COHEN, C.J., TORPY, EVANDER, BERGER, WALLIS, LAMBERT, EDWARDS, and HARRIS, JJ., concur.
EISNAUGLE, J., concurs in part and dissents in part, with opinion, in which GROSSHANS, J., concurs.

We also recede from U.S. Bank, N.A. v. Diamond, 228 So.3d 177 (Fla. 5th DCA 2017), to the extent that opinion is inconsistent with this opinion.

Grant's position regarding the statute of limitations was consistent with the opinion that we would later announce in Velden, which had not been issued at the time the trial court entered the final judgment in this case.