NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL M. GRDIC,                          )
                                           )
          Appellant,                       )
                                           )
v.                                         )     Case No. 2D17-818
                                           )
HSBC BANK USA, N.A., as trustee,           )
in trust for the Registered                )
Holders of Ace Securities Corp.,           )
Home Equity Loan Trust, Series             )
2006-NC3, Asset Backed Pass-               )
Through Certificates,                      )
                                           )
          Appellee.                        )
_____)

Opinion filed March 13, 2019.

Appeal from the Circuit Court for Pinellas
County; Pamela A.M. Campbell, Judge.

Mark P. Stopa of Stopa Law Firm, Tampa
(withdrew after briefing); Latasha Scott of
Lord Scott, PLLC, Tampa (withdrew after
briefing), for Appellant.

Michael Grdic, pro se.

Charles E. Stoecker and William L.
Grimsley of McGlinchey Stafford, Fort
Lauderdale, for Appellee.

LUCAS, Judge.

Michael Grdic appeals a final judgment of foreclosure entered in favor of HSBC Bank USA, N.A., as Trustee, in Trust for the Registered Holders of ACE Securities Corp., Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates (HSBC). We affirm the final judgment in all respects. We write to explain why HSBC was not precluded from obtaining a judgment for the entire unpaid debt due under Mr. Grdic's mortgage loan, including payment amounts that had accrued more than five years before HSBC filed its complaint.

In April 2006, Mr. Grdic executed an adjustable rate note and mortgage over his Clearwater home in favor of Home123 Corporation. Mr. Grdic's note reflected that he had borrowed the principal sum of $161,250 and agreed to make monthly payments of principal and interest over a forty-year amortization period. Like most mortgage loan promissory notes, Mr. Grdic's note permitted the holder to accelerate the entire unpaid amount and interest in the event of a default. By endorsement and subsequent transfers, the note eventually became HSBC's.

Mr. Grdic made payments on the note until June of 2008. The next month, a default letter was sent to him. HSBC filed a complaint for foreclosure in October of 2009.

For reasons that do not pertain to this appeal, that lawsuit was involuntarily dismissed without prejudice on August 9, 2012. Mr. Grdic, however, had made no further payments on the note. On October 2, 2013, Select Portfolio Servicing, Inc. (SPS), HSBC's servicer, sent Mr. Grdic a new default letter, informing him that he was now in default in the amount of $105,846.82. That amount included all of his

missed payments since June of 2008, the date of Mr. Grdic's original default.  On

October 16, 2014, HSBC filed the instant foreclosure action against Mr. Grdic.

The case proceeded to trial on January 20, 2017.  Throughout the trial,

Mr. Grdic maintained that the statute of limitations, section 95.11(2)(c), Florida Statutes

(2014), barred HSBC's right to foreclose on the defaulted monthly payments that had

accrued more than five years prior to its October 2014 complaint.  Relatedly, Mr. Grdic

also argued that the default letter SPS had sent did not substantially comply with

paragraph 22 of his mortgage because the letter overstated the amount Mr. Grdic owed

by including sums which had accrued more than five years earlier.  The circuit court

disagreed, denied Mr. Grdic's motion for involuntary dismissal, and entered a final

judgment on January 23, 2017.  The circuit court's judgment included the entire unpaid

principal, accrued interest, and other fees and costs.  Mr. Grdic now appeals that

judgment.

The issue before us[1] is one that can be succinctly stated by posing the

rule Mr. Grdic proposes in his brief.  According to Mr. Grdic,

> this [c]ourt should rule that any payment defaults occurring
> more than five years before a foreclosure lawsuit is filed . . .
> should not be included in the amount the lender can recoup.
> Instead, any taxes, interest, and monthly payments from
> more than five years before suit must be eliminated from any
> foreclosure judgment.

---

[1]Because this appeal comes to us on review of a trial court's ruling on a motion for involuntary dismissal, we employ a mixed standard of review.  "To the extent the trial court's final judgment of foreclosure 'is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review.' " Gonzalez v. Fed. Nat'l Morg. Ass'n, 43 Fla. L. Weekly D1739, D1740 (Fla. 3d DCA Aug. 1, 2018) (quoting Verneret v. Foreclosure Advisors, LLC, 45 So. 3d 889, 891 (Fla. 3d DCA 2010)).

It is a proposal that has been addressed by three of our sister district courts of appeal.

In Gonzalez v. Federal National Mortgage Ass'n, 43 Fla. L. Weekly D1739, D1741 (Fla. 3d DCA Aug. 1, 2018), the Third District concluded that Fannie Mae was not barred from obtaining a final foreclosure judgment that included default amounts that had accrued outside of the five-year statute of limitations. In so holding, the Gonzalez court considered the nature of the mortgage debt and what a default on an installment payment of that debt necessarily entails:

> In a typical residential loan, the terms of the note and mortgage split the entirety of the debt owed by the borrower into a series of periodic installment payments. If a borrower defaults, the note holder could choose to seek a judgment only for that missed installment payment. More typically, and as occurred here, the note holder can choose to exercise its contractual right to accelerate the entirety of the borrower's obligation under the note and mortgage and seek a judgment on that amount. By exercising its contractual right to acceleration, the note holder is not seeking to collect a series of individual past and future installment payments due to it. Instead, the holder elects to accelerate the entirety of the obligation owed to it under the terms of the note and mortgage, such that the entire sum owed—including principal, interest, advances, costs, and fees—will be included in the judgment. It is that entire debt—not individual installments of it—that comes due upon acceleration and that is sought to be liquidated in a foreclosure action. Thus, when considering an accelerated obligation, while the triggering default must occur within the five year limitations period, the debt that is subject to judgment and collection is the accelerated debt, i.e., the entire amount due under the mortgage loan. See Bartram[ v. U.S. Bank, Nat. Ass'n], 211 So. 3d [1009,] 1019 [(Fla. 2016)]. Because Fannie Mae was seeking a judgment on the accelerated obligation, the trial court properly entered a Final Judgment of Foreclosure in favor of Fannie Mae in the full amount of that obligation.

Id. at D1741 (footnote omitted). The Third District affirmed the trial court's judgment for the entire accelerated debt amount. Id.

Two weeks later, the Fourth District issued a decision in which it reached the same conclusion. In Bank of America, N.A. v. Graybush, 253 So. 3d 1188, 1193 (Fla. 4th DCA 2018), the court aligned itself with the Third District in Gonzalez to hold that "the Bank was entitled to all sums alleged and proven due under the note and mortgage—even those sums due more than five years from the date of filing the complaint." The Graybush court cited with approval to Justice Lawson's concurring opinion in Bollettieri Resort Villas Condominium Ass'n v. Bank of New York Mellon, 228 So. 3d 72, 73 (Fla. 2017):

> Justice Lawson's opinion noted that "[u]nder the terms of most long-term notes and mortgages . . . the total amount due under the note does not become due until maturity— most commonly thirty years after signing." Bollettieri, 228 So. 3d at 74 (Lawson, J., concurring). Given that a long-term note is just that, a promise to pay a determinate sum by a determinate date, Justice Lawson concluded that the failure to pay the entire amount due by the final due date— i.e., maturity date—is the last element of a foreclosure cause of action accruing the applicable statute of limitations. Id.

Id. (alteration in original). The Graybush court concluded:

> When a note contains an optional acceleration clause, a lender only runs out of opportunities to foreclose, under the applicable statute of limitations, after five years of the latest default, *or* after five years of the date of maturity of the note. But, should a lender bring a timely action under either scenario, it is entitled to all sums due under the note and mortgage—should the note and mortgage contractually provide.

Id. at 1195.

Recently, an en banc Fifth District receded from a prior panel opinion so that it, too, could adopt Justice Lawson's Bolletieri concurring opinion on this issue. See Grant v. Citizens Bank, N.A., 44 Fla. L. Weekly D95b, D96b (Fla. 5th DCA Dec. 26,

2018) ("[W]e recede from <u>Velden[ v. Nationstar Mortgage, LLC</u>, 234 So. 3d 850 (Fla. 5th DCA 2018)] and adopt the view articulated in Justice Lawson's concurring opinion in <u>Bollettieri</u> regarding the statute of limitations in installment obligation cases.").

We agree with the sound rationale set forth in <u>Grant</u>, <u>Gonzalez</u>, and <u>Graybush</u>. Like in those cases, Mr. Grdic's note afforded the holder the right to accelerate the entire unpaid debt in the event of a default. And, like in those cases, Mr. Grdic remained in a continued state of default from the time of his first missed monthly payment up until the date when HSBC filed the instant foreclosure action. HSBC was entitled to seek recovery of the entire amount of Mr. Grdic's unpaid debt because, "with each subsequent default," HSBC would have "had the right to file a subsequent foreclosure action—and to seek acceleration of all sums due under the note—so long as the foreclosure action was based on a subsequent default, and the statute of limitations had not run on that particular default." <u>Bartram</u>, 211 So. 3d at 1021; <u>cf. Desylvester v. Bank of N.Y. Mellon ex rel. Holders of Alt. Loan Tr. 2005–62, Mort. Pass–Through Certificates Series 2005–62</u>, 219 So. 3d 1016, 1020 (Fla. 2d DCA 2017) (following <u>Bartram</u> and holding that "the dismissal of the Bank's earlier foreclosure action did not trigger the statute of limitations to bar the Bank's subsequent foreclosure action based on separate defaults"). Because that is what happened in Mr. Grdic's case, we affirm the judgment of the circuit court.

Affirmed.

CASANUEVA and KELLY, JJ., Concur.