NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


WELLS FARGO BANK, N.A. as Trustee for )
the Certificate Holders of Banc of America )
Mortgage 2007-1 Trust, Mortgage Pass- )
Through Certificates, Series 2007-1, )
                                  )

       Appellant,               )

v.                                 )        Case No. 2D17-3913

RANDOLPH V. COOK; DEBORAH COOK; )
CONNERTON COMMUNITY COUNCIL, )
INC.; and BANK OF AMERICA, N.A., )

       Appellees.            )
_____)


Opinion filed July 26, 2019.

Appeal from the Circuit Court for Pasco
County; Gregory G. Groger, Judge.

Monica L. Haddad Forbes, Sara F.
Holladay-Tobias, Emily Y. Rottmann, and
Brittney Lauren Difato of McGuireWoods
LLP, Jacksonville, for Appellant.

Mark P. Stopa of Stopa Law Firm, Tampa
(withdrew after briefing), for Appellees
Randolph V. Cook and Deborah Cook.

No appearance for remaining Appellees.

BLACK, Judge.

Wells Fargo Bank, N.A., as Trustee for the Certificate Holders of Banc of America Mortgage 2007-1 Trust, Mortgage Pass-Through Certificates, Series 2007-1, challenges the trial court's final order dismissing its foreclosure lawsuit against Randolph Cook and Deborah Cook at the close of Wells Fargo's case-in-chief. Wells Fargo contends—and we agree—that the trial court erred in granting the Cooks' motion for involuntary dismissal. Thus, we reverse the order of dismissal and remand for further proceedings.

In April 2010, Wells Fargo filed its complaint for foreclosure against the Cooks. In its complaint, Wells Fargo alleged that the Cooks had executed a note and mortgage in September 2006 in favor of Wells Fargo's predecessor in interest; copies of the note and mortgage in favor of Bank of America, N.A., were attached to the complaint. Wells Fargo also alleged that it was entitled to bring the foreclosure action, and a copy of the February 27, 2007, assignment of mortgage, which also assigned the note, was attached to the complaint.

During the course of litigation, and after the denial of the Cooks' motion to dismiss based on Wells Fargo's alleged lack of standing and failure to comply with the default notice requirements of paragraph 22 of the mortgage, the Cooks filed an answer and affirmative defenses. The affirmative defenses included, as relevant to the resolution of this appeal, Wells Fargo's lack of standing.

Prior to trial Wells Fargo filed the original note and mortgage with the court. The original note bears a special indorsement from Bank of America to Wells

Fargo.[1]  However, the indorsement is not dated, and it does not appear on the copy of the note attached to Wells Fargo's complaint.[2]

In September 2016, after filing the original note and mortgage, Wells Fargo filed a memorandum of law in response to the Cooks' affirmative defenses.  In that memorandum, Wells Fargo alleged:

> Plaintiff has proper standing to bring the instant action. Plaintiff was in possession of the original Note at the time of filing its complaint.  Further, the original Note has a special indorsement to Plaintiff.  These facts make Plaintiff the proper holder and give it the right to enforce the Note and Mortgage. . . .  Being the holder of a negotiable instrument is all that is necessary for a party to have standing to enforce it.

_____

[1]The indorsement is in favor of Wells Fargo, N.A., as trustee for the holders of the Banc of America Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 2007-1.  We note this only to point out that although "the trust identified in the complaint is somewhat different than the trust identified in the special [i]ndorsement," this difference "does not create a defect in standing."  See Bank of N.Y. Mellon Tr. Co., Nat'l Ass'n v. Ginsberg, 221 So. 3d 1196, 1197 (Fla. 4th DCA 2017); see also Deutsche Bank Tr. Co. Ams., as Tr. for Residential Accredit Loans, Inc. v. Harris, 264 So. 3d 186, 190 (Fla. 4th DCA 2019) ("We agree with the Bank that an indorsement to a trustee is sufficient to establish standing to foreclose, in terms of the identity of the person or entity entitled to enforce the note, regardless of whether the identity of the trust is clear from note, together with any indorsements or allonges.").

[2]Thus, the holding of Ortiz v. PNC Bank, National Ass'n, 188 So. 3d 923, 925 (Fla. 4th DCA 2016), is inapplicable.  However, the lack of an indorsement on the copy of the note attached to the complaint, as compared to the original note filed prior to trial, did not prevent Wells Fargo from establishing standing through other evidence. "[A] plaintiff can submit 'an assignment from payee to the plaintiff or an affidavit of ownership proving its status as holder of the note' to establish standing."  Floyd v. Bank of Am., N.A., 194 So. 3d 1071, 1074 (Fla. 5th DCA 2016) (quoting Rigby v. Wells Fargo Bank, N.A., for Option One Mortg. Loan Tr. 2007-FXD2 Asset-Backed Certificates, Series 2007-FXD2, 84 So. 3d 1195, 1196 (Fla. 4th DCA 2012)); see also Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013); Bolous v. U.S. Bank Nat'l Ass'n, For Credit Suisse First Boston Mortg. Sec. Corp., 210 So. 3d 691, 693 (Fla. 4th DCA 2016); McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012).

On August 23, 2017, more than a year after Wells Fargo filed the original note and mortgage and almost a year following its memorandum contending that it was entitled to bring the foreclosure action as the holder of the note, a nonjury trial was held.

At trial, Wells Fargo asserted that it would prove its standing as the holder of the note. To do so, Wells Fargo presented the testimony of a litigation resolution analyst employed by Nationstar Mortgage, LLC, the then-current servicer of the note. The witness was previously employed by Bank of America and testified regarding Bank of America's business practices, including securitization and onboarding documents. In addition to this witness's testimony, the original note, mortgage, and assignment of mortgage and note were introduced into evidence. In order to prove its compliance with the default notice requirements of paragraph 22 of the mortgage, Wells Fargo elicited testimony from the Nationstar employee and introduced a copy of the default notice into evidence.

At the conclusion of Wells Fargo's case-in-chief, the Cooks moved for an involuntary dismissal. The Cooks argued that Wells Fargo had failed to state a cause of action, based on the presumption that Wells Fargo was proceeding as an owner of the note; failed to prove standing at inception, again premised on the idea that Wells Fargo was an owner but not a holder or in possession of the note; and failed to prove compliance with paragraph 22 of the mortgage, based upon allegedly erroneous amounts due included in the notice. Following extensive argument from the parties, the court granted the Cooks' motion as to the latter two arguments, finding that there were "too many issues regarding standing, regarding the default letter" and that "general practice" testimony was "not sufficient," despite also stating that the court had an

- 4 -

assignment of mortgage and "testimony that says that the [i]ndorsement which was part of conveying ownership to Wells Fargo was done."  Wells Fargo appeals from the court's order granting dismissal.

An order granting a motion for involuntary dismissal is reviewed de novo. Allard v. Al-Nayem Int'l, Inc., 59 So. 3d 198, 201 (Fla. 2d DCA 2011).  "When a party raises a motion for involuntary dismissal in a nonjury trial 'the movant admits the truth of all facts in evidence and every reasonable conclusion or inference based thereon favorable to the non-moving party.' "  Deutsche Bank Nat'l Tr. Co. for Harborview Mortg. Loan Tr. 2006-8 v. Kummer, 195 So. 3d 1173, 1175 (Fla. 2d DCA 2016) (emphasis added) (quoting Day v. Amini, 550 So. 2d 169, 171 (Fla. 2d DCA 1989)).  Here, the trial court erred in granting the motion to dismiss as to each of the theories argued by the Cooks.

Wells Fargo correctly asserts on appeal that it sufficiently established its standing at inception, rendering the court's dismissal on that basis erroneous.  "A plaintiff may prove that it has standing to foreclose 'through evidence of a valid assignment, proof of purchase of the debt, or evidence of an effective transfer.' "  Stone v. BankUnited, 115 So. 3d 411, 413 (Fla. 2d DCA 2013) (quoting BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So. 3d 936, 939 (Fla. 2d DCA 2010)).  The assignment of mortgage attached to the complaint and introduced into evidence at trial assigned and transferred all interest in the mortgage—together with the note—from Bank of America to Wells Fargo, and the assignment predated the filing of the complaint by more than three years.  Moreover, the complaint sufficiently alleged that Wells Fargo had standing to bring the action as the entity entitled to enforce the

note.  See § 673.3011, Fla. Stat. (2010) (defining "person entitled to enforce" to include "[t]he holder of the instrument").[3]  Nonetheless, at trial, Wells Fargo also moved to amend the complaint to conform to the evidence to the extent that it was necessary to do so; in so moving, Wells Fargo argued that the Cooks could not be prejudiced by the amendment because they had been aware for at least a year prior to the trial that Wells Fargo was proceeding as the holder of the note.[4]  The court inquired into how the Cooks would be prejudiced by an amendment, and the response from the Cooks addressed only the issue of the note's indorsement.  However, the indorsement being undated is ultimately irrelevant in this case because the assignment of mortgage and note establishes Wells Fargo's standing at inception.[5]

Dismissal based on the alleged failure to comply with the paragraph 22 notice requirement was also in error.  To the extent that the issues raised by the Cooks with regard to mailing and substantial compliance were not waived, see PHH Mortg.

---

[3]We note that section 702.015, Florida Statutes, and Florida Rule of Civil Procedure 1.115, establishing pleading requirements and certifications related to a plaintiff's entitlement to enforce a note, became effective after the filing of the complaint in this case, in 2013 and 2014, respectively.  See ch. 2013-137, § 3, Laws of Fla. (2013); In re Amendments to Fla. Rules of Civil Procedure, 153 So. 3d 258 (Fla. 2014).

[4]The record clearly supports Wells Fargo's assertion that the Cooks were aware of Wells Fargo's theory of entitlement to enforce the note.  Foreclosure is an action in equity, and there is nothing equitable about dismissing a foreclosure complaint where sufficient evidence of standing is presented and the undisputed facts establish that the borrowers executed the note and mortgage yet made no payments, or even attempted to make payments, on their note and mortgage for more than a year prior to the filing of the foreclosure complaint.

[5]Wells Fargo asserts an additional issue, the trial court's exclusion of the Pooling and Servicing Agreement (PSA), as a basis for reversal.  Because the purpose of introducing the PSA was to further establish Wells Fargo's standing and standing was otherwise sufficiently established, requiring reversal, we decline to address this evidentiary issue.

Corp. v. Parish, 244 So. 3d 338, 339 (Fla. 2d DCA 2018); Young v. Nationstar Mortg., LLC, 205 So. 3d 790, 791-92 (Fla. 2d DCA 2016), the evidence presented at trial by Wells Fargo was sufficient to establish substantial compliance with the requirements of paragraph 22 of the mortgage.

Although the court did not include in its findings for dismissal that Wells Fargo failed to prove that the default notice was mailed to the Cooks in compliance with paragraph 22, because the issue was raised as a basis for dismissal and not expressly determined by the trial court, we address it. The paragraph 22 notice and Bank of America's servicing notes were properly introduced into evidence. See Allen v. Wilmington Tr., N.A., 216 So. 3d 685, 687 (Fla. 2d DCA 2017). And the litigation resolution analyst who had previously worked for Bank of America testified as to his training with Bank of America and to his personal knowledge of Bank of America's general practices with regard to creating and mailing default notices. Wells Fargo presented sufficient evidence regarding the regular business practices of Bank of America, the servicer of the mortgage at the time the paragraph 22 letter was created and mailed, to establish a rebuttable presumption of mailing. See Thorlton v. Nationstar Mortg., LLC, 257 So. 3d 596, 601-02 (Fla. 2d DCA 2018) (affirming final judgment of foreclosure where Nationstar sufficiently established mailing of the paragraph 22 notice based on the testimony at trial where the witness testified to his personal knowledge of routine practices of the entity that mailed the notice); PNC Bank Nat'l Ass'n v. Roberts, 246 So. 3d 482, 486 (Fla. 5th DCA 2018).

As to the adequacy of the content of the paragraph 22 notice and specifically the amounts included in the notice, "when the content of a lender's notice

letter is nearly equivalent to or varies in only immaterial respects from what the mortgage requires, the letter substantially complies, and a minor variation from the terms of paragraph twenty-two should not preclude a foreclosure action." Fed. Nat'l Mortg. Ass'n v. Morton, 196 So. 3d 428, 430 (Fla. 2d DCA 2016) (quoting Green Tree Servicing, LLC v. Milam, 177 So. 3d 7, 14-15 (Fla. 2d DCA 2015)). Paragraph 22 of the Cooks' mortgage required notice to the borrower prior to acceleration, with such notice specifying:

> (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding, and sale of the Property.

The default notice, dated February 24, 2009, and mailed to the Cooks at the property address, provided (a) that the Cooks had defaulted by failing to make required monthly mortgage payments as of January 1, 2009; (b) that they were required to deliver $20,607.77 to cure the default; and (c)-(d) that the Cooks' failure to cure before March 26, 2009, might result in acceleration of the entire amount due and commencement of foreclosure proceedings. The letter also provided that reinstatement was possible. The paragraph 22 notice clearly was in substantial compliance with the terms of the mortgage. See U.S. Bank Nat'l Ass'n ex rel. Holders of the Home Equity Asset Tr. 2002-4 Home Equity Pass-Through Certificates, Series 2002-4 v. Doepker, 223 So. 3d 1083, 1085 (Fla. 2d DCA 2017) ("Contrary to the Doepkers' arguments on appeal and below, there is no indication that the breach letter required any additional payment not due under the note and mortgage. Moreover, if the Doepkers were unsure of the

amount due under the note and mortgage, the letter also provided a telephone number to call with questions."); cf. Grdic v. HSBC Bank USA, N.A. for Registered Holders of ACE Sec. Corp. Home Equity Loan Tr., 267 So. 3d 473, 474 (Fla. 2d DCA 2019) (affirming judgment in favor of HSBC where borrower argued that the default notice did not substantially comply with paragraph 22 because the notice "overstated the amount . . . owed"); Deutsche Bank Nat'l Tr. Co. for First Franklin Mortg. Loan Tr. 2006-FF16 v. Green, 253 So. 3d 682, 683 (Fla. 5th DCA 2018) (reversing dismissal where paragraph 22 notice substantially complied with requirements of the mortgage).

Accordingly, because involuntary dismissal was wrongly entered we reverse the order of dismissal and remand for further proceedings.

Reversed and remanded.


SLEET and ROTHSTEIN-YOUAKIM, JJ., Concur.