NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

U.S. BANK, NATIONAL ASSOCIATION, )
as trustee for Harborview Mortgage Loan )
Trust 2005-10, Mortgage Loan Pass- )
Through Certificates, Series 2005-10, )
)
)
Appellant, )
)
v. )           Case No. 2D18-757
)
EDWARD C. STURM, a/k/a EDWARD )
STURM; CATHERINE STURM; and )
BAY WEST RENTALS, LLC, )
)
Appellees. )
_____ )

Opinion filed October 16, 2019.

Appeal from the Circuit Court for Sarasota
County; George K. Brown, Jr., Senior
Judge.

Nancy M. Wallace of Akerman LLP,
Tallahassee; William P. Heller of Akerman
LLP, Fort Lauderdale; and Celia C.
Falzone of Akerman LLP, Jacksonville,
for Appellant.

No appearance for Appellees.


CASANUEVA, Judge.

In this residential foreclosure case, U.S. Bank, National Association, as

trustee for Harborview Mortgage Loan Trust 2005-10, Mortgage Loan Pass-Through

Certificates, Series 2005-10 (U.S. Bank), appeals a final judgment of dismissal entered in favor of borrowers Edward and Catherine Sturm. Because the trial court erred in entering final judgment for the Sturms, we reverse and remand for a new trial.[1]

The Sturms moved for an involuntary dismissal following U.S. Bank's presentation of its case-in-chief. The Sturms raised several arguments, including an argument that U.S. Bank failed to prove that it substantially complied with the notice requirements of paragraph twenty-two of the mortgage, a condition precedent to foreclosure. Specifically, the Sturms argued that the notice sent pursuant to paragraph twenty-two overstated the amount required to cure the default because it included amounts that accrued more than five years earlier, beyond the statute of limitations. The trial court asked the parties to file written briefs concentrating on the statute of limitations argument and subsequently entered a final judgment in favor of the Sturms.[2]

The Sturms relied on U.S. Bank, N.A. v. Diamond, 228 So. 3d 177 (Fla. 5th DCA 2017), as support for their statute of limitations argument. However, the Fifth District has since receded from Diamond and its progeny. See Grant v. Citizens Bank, N.A., 263 So. 3d 156, 157 & n.1 (Fla. 5th DCA 2018) (en banc) (receding from Diamond and Velden v. Nationstar Mortg., LLC, 234 So. 3d 850 (Fla. 5th DCA 2018)).

In Grant, the Fifth District rejected the argument that a foreclosing plaintiff could not recover damages for defaults that occurred more than five years prior to the filing of the action, adopting instead the view put forth by Justice Lawson in his

---

[1]The Sturms did not file an answer brief.

[2]The trial court did not appear to base its dismissal on the Sturms' remaining arguments, and we decline to address them here.

concurring opinion in <u>Bollettieri Resort Villas Condominium Ass'n v. Bank of New York Mellon</u>, 228 So. 3d 72 (Fla. 2017).  <u>Grant</u>, 263 So. 3d at 157-58 ("Justice Lawson observed that when the right to accelerate the debt for non-payment is optional with the holder of the note, the statute of limitations does not run until the note is due unless the lender or holder accelerates and declares the full balance due earlier." (citing <u>Bollettieri</u>, 228 So. 3d at 74 (Lawson, J., concurring))).  This court and the Third and Fourth Districts have all done the same.  <u>See</u> <u>Grdic v. HSBC Bank USA, N.A.</u>, 267 So. 3d 473, 475-76 (Fla. 2d DCA 2019); <u>Bank of Am., N.A. v. Graybush</u>, 253 So. 3d 1188, 1193 (Fla. 4th DCA 2018); and <u>Gonzalez v. Fed. Nat'l Mortg. Ass'n</u>, 276 So. 3d 332, 336-37 (Fla. 3d DCA 2018).

Likewise, we reject the argument that the paragraph twenty-two notice of default can include only amounts that have accrued within five years.  <u>See</u> <u>Grdic</u>, 267 So. 3d at 474-75.  Accordingly, the Sturms' argument that their default notice did not substantially comply with paragraph twenty-two fails, and the trial court erred in entering a final judgment of dismissal.  The final judgment is reversed, and this matter is remanded for a new trial.

Reversed and remanded.

VILLANTI and LUCAS, JJ., Concur.