# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-0169
LT Case No. 2019-CC-05748

_____

POKY MANAGEMENT, LLC., a
FLORIDA LIMITED LIABILITY
COMPANY,

    Appellant,

    v.

SOLUTREAN INVESTMENT GROUP,
LLC., a FLORIDA LIMITED
LIABILITY COMPANY and
Criminal Defense League
Processing, LLC., a FLORIDA
LIMITED LIABILITY COMPANY,

    Appellees.

_____

On appeal from the County Court for Duval County.
Emmet F. Ferguson, III, Judge.

Shaun C. Saliba, of St. Johns Law Group, St. Augustine, for
Appellant.

Kevin Loftus, of The Loftus Law Firm, Jacksonville, for
Appellees.

July 12, 2024

EDWARDS, C.J.

This is an appeal from a county court order denying recovery of attorney's fees in a commercial landlord-tenant action and that court's order denying a timely motion for rehearing. The Landlord's, Poky Management, LLC., complaint for eviction included a claim for possession due to non-payment of rent and a general demand for attorney's fees and attached the lease which included a prevailing party attorney's fees clause. In their answer to Landlord's complaint, Tenants, Solutrean Investment Group, LLC., and Criminal Defense League Processing, LLC., failed to contest the validity of the lease or its attorney's fees provision. The trial court ultimately denied Landlord's claim for attorney's fees based on its finding that the lease was void. As that defense was neither pled nor tried by consent, it could not be the basis for the trial court's ruling. Accordingly, we find that the trial court erred in denying Landlord's claim for attorney's fees and remand for an evidentiary hearing to determine the reasonable amount of fees to which Landlord is entitled.

Landlord purchased the building occupied by Tenants from Salisbury Road Condominium JV4, LLC. Salisbury and Tenants had previously entered into a lease agreement requiring payment of rent on a monthly basis. As a result of the purchase, Appellant became the successor landlord under the lease. In Tenants' answer to the complaint the only defenses asserted were that the complaint failed to state a cause of action and that the amount of past due rent should be reduced because Landlord failed to provide air conditioning to the premises.

Tenants' failure to pay rent into the registry of the court, as ordered, resulted in the county court entering a Default Final Judgment for Possession, based upon section 83.232(5), Florida Statutes (2019), in favor of Landlord. The county court reserved jurisdiction in the default possession judgment to award costs and fees. In response to Landlord's motion for costs and attorney's fees, Tenants alleged that they had entered into a Conditional Equity Agreement with Salisbury by which they were released from any obligations under the subject lease.

At the hearing on the motion for attorney's fees and costs, over objection, Tenants relied upon and introduced into evidence the

2

Conditional Equity Agreement as a defense to payment. Landlord objected because Tenants failed to claim that the lease was invalid for any reason and had not mentioned anything about the agreement as a defense or affirmative defense in their answer to the complaint. Nevertheless, the trial court permitted Tenants to pursue the defense that they had been released by the Conditional Equity Agreement. It ultimately entered an order simply denying Landlord's motion. On appeal, the circuit court reversed and remanded to the county court for entry of a more detailed order, as there was insufficient information in the unelaborated order to determine why Landlord's motion had been denied.[1]

Following remand, the county court conducted another hearing in October 2021 on Landlord's motion for attorney's fees and costs. Once again, the Tenants, over Landlord's objections, relied on the Conditional Equity Agreement as providing for their release. Once again, Landlord argued that it was entitled to attorney's fees as demanded in its complaint and as further provided for in the lease attached to the complaint. Landlord once again objected to the trial court's consideration of the unpled defense of release via supposed non-performance of its predecessor in interest under the Conditional Equity Agreement.

At the conclusion of the hearing, the court requested the submission of competing proposed orders and took the decision under advisement, saying "I'm going to sign one of those orders y'all send me." Six weeks later on December 7, 2021, the county court signed the order submitted by Tenants, verbatim with no changes, denying Landlord's motion for costs and attorney's fees based on non-compliance with the Conditional Equity Agreement. Landlord filed a timely motion for rehearing from that order, reasserting its opposition to consideration of the Conditional Equity Agreement and arguing that the court erred by its verbatim

---

[1] The trial court seemed confused about the September 9, 2019 order and questioned counsel as to why the original order contained no facts. One of the lawyers recounted that the judge called him one day and directed him to prepare an order simply denying Landlord's motion and rejected counsel's offer to include factual matters.

adoption of Tenants' proposed order, citing *Perlow v. Berg-Perlow*, 875 So. 2d 383 (Fla. 2004).[2] On June 22, 2022, the trial court entered its order denying Landlord's motion for rehearing essentially adopting Tenants' arguments that Landlord had impermissibly sought a re-hearing of a re-hearing and that the motion was legally insufficient for failing to sufficiently point out matters the trial court had overlooked. Landlord timely appealed the order denying its motion for rehearing and the order denying its motion for attorney's fees and costs.[3]

## **Propriety of Landlord's Motion for Rehearing**

Contrary to the Tenants' arguments and the county court's ruling, the Landlord's motion for rehearing following the December 7, 2021 order was permissible and authorized. Tenants argued below and on appeal that the remand to county court by the circuit court appellate panel for a more detailed order was itself a rehearing from which no further rehearing could properly be sought. As noted, the county court implicitly adopted that position. Tenants then argued that Landlord's appeal of that order was untimely as it was not commenced within thirty days of the order denying fees and costs, even though the notice of appeal was filed within thirty days of the order denying rehearing.

Successive *motions* for rehearing are indeed not authorized by the Florida Rules of Civil Procedure. *Fla. Organic Aquaculture, LLC v. Advent Env't Sys., LLC*, 268 So. 3d 910, 912 (Fla. 5th DCA 2019).

---

[2] Because we reverse the order in question and are remanding for further proceedings, we need not address the *Perlow* issue beyond encouraging the trial court to heed the supreme court's advice found in that case.

[3] During the pendency of this suit, effective January 1, 2021, general appellate jurisdiction over county courts was transferred from circuit courts to the district courts of appeal. Then, on January 1, 2023, the geographic boundaries of the First and Fifth Districts were realigned, resulting in the appeal being handled here.

However, this was not a situation involving successive motions for rehearing. Instead, the circuit court had remanded the matter to the county court for further proceedings. Those proceedings were held, and a new final order was rendered by the county court. By rule and case law, in most instances a party seeking review of a matter first appearing in a final order is initially obligated to seek review by rehearing prior to appealing. *See Kawsar v. Alhamdi Grp., LLC*, 369 So. 3d 1227, 1229 (Fla. 5th DCA 2023) (Eisnaugle, J., concurring) (citing *Williams v. Williams*, 152 So. 3d 702, 704 (Fla. 1st DCA 2014)). The county court's December 7, 2021 order denying Landlord's motion for fees and costs was a final order, ending judicial labor in the case. *M.M. v. Fla. Dep't of Child. & Fams.*, 189 So. 3d 134, 137 (Fla. 2016); *Mills v. Martinez*, 909 So. 2d 340, 342 (Fla. 5th DCA 2005). Accordingly, Landlord's motion for rehearing addressing the December 7, 2021 order was appropriate and its notice of appeal was timely filed following the county court's rendition of the order denying that motion for rehearing.

## Landlord's Entitlement to Attorney's Fees

In its complaint, Landlord prayed generally for an award of attorney's fees and costs which request was supported by the lease which was an attached exhibit to that complaint. This Court has held that a "general request . . . is sufficient, and that the failure to plead the specific statutory or contractual basis for such a claim does not result in waiver." *Sheoah Highlands, Inc. v. Daugherty*, 837 So. 2d 579, 584 (Fla. 5th DCA 2003); *accord Parker v. Bd. of Trs. of the City Pension Fund for Firefighters & Police Officers in the City of Tampa*, 149 So. 3d 1129, 1134 (Fla. 2014).

Landlord's suggestion that it obtained the equivalent of a default final judgment against Tenants, which entitled it to attorney's fees without the need for a hearing, goes too far. The default judgment was just as to possession. The provision in section 83.232(5), that failure to pay rent into the court's registry results in "an absolute waiver of the tenant's defenses," refers only to a landlord's demand for and its right to possession; it is not a default as to all issues pending in the case. This Court has held that, under that subsection, "the tenant only loses his right to retain **possession** of the premises if he fails to pay rent into the

5

court registry," and not defenses to the landlord's claims for monetary damages. *Premici v. United Growth Props., L.P.*, 648 So. 2d 1241, 1243–44 (Fla. 5th DCA 1995) (emphasis added) (citing *K.D. Lewis Enters. Corp. v. Smith*, 445 So. 2d 1032, 1035 (Fla. 5th DCA 1984)); *see also Cove & Deerfield Beach, LLC v. R Fast, Inc.*, 310 So. 3d 413, 415 (Fla. 4th DCA 2020). Thus, Tenants were entitled to a hearing on both the Landlord's entitlement to fees and costs and regarding the reasonable amount of attorney's fees and costs.

## Avoidance of Attorney's Fees Based on Unpled Defense

Here, Tenants contested Landlord's right to fees under the lease by asserting the unpled defense that all of Tenants' obligations under the lease had been eliminated by the alleged failure of Landlord's predecessor in interest to comply with the Conditional Equity Agreement. Appellees did not in fact properly raise *any* affirmative defenses to dispute the general enforceability of the lease. Under Florida Rule of Civil Procedure 1.140, "[e]very defense in law or fact" must be raised in the Answer or one of the specific motions enumerated in subsections (b), (e), and (f). Here, Appellees' Answer affirmatively alleged only two defenses in an attempt to avoid the action for possession: (1) failure to state a cause of action due to a deficiency of pre-suit notice, and (2) unfair and deceptive trade practices for the alleged withholding of air conditioning in the subject premises.

Thus, Landlord is correct that the county court lacked "jurisdiction to award relief that was not requested in the pleadings or tried by consent," because this would violate due process. *Grant v. Citizens Bank, N.A.*, 263 So. 3d 156, 158 (Fla. 5th DCA 2018); *see also Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC*, 986 So. 2d 1244, 1252 (Fla. 2008). By failing to include the affirmative defense of release, Tenants waived the right to avoid payment on that basis. Even after Landlord repeatedly objected to Tenants' failure to plead that as an affirmative defense, Tenant never sought to amend its pleadings.

Accordingly, as Landlord proved its entitlement to attorney's fees and costs pursuant to the lease in two prior hearings, there does not need to be any further hearing on that point. However,

Tenant is entitled to an evidentiary hearing on the reasonable amount of attorney's fees and costs which are to be awarded to Landlord. *See Bowman v. Kingsland Dev., Inc.*, 432 So. 2d 660, 663 (Fla. 5th DCA 1983) (holding that a fully defaulted party is entitled to an evidentiary hearing to determine the reasonable amount of attorney's fees to which the opponent is entitled).

## **Conclusion**

We reverse the trial court's order denying Landlord's entitlement to attorney's fees and costs pursuant to the lease, and we remand for entry of an order finding entitlement and for an evidentiary hearing to determine the reasonable amount of attorney's fees and costs to be awarded to Landlord.

REVERSED and REMANDED.

MAKAR, J., concurs;
EISNAUGLE, J., concurs in result only with opinion.

––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––

7

EISNAUGLE, J., concurring in result only with opinion.

I agree that we have jurisdiction and that the trial court erred when it denied attorney's fees based on an unpled affirmative defense. *See Inphynet Contracting Servs., Inc. v. Soria*, 77 So. 3d 776, 780–81 (Fla. 4th DCA 2011) ("We agree that the trial court improperly used the defense of 'accord and satisfaction' as a basis for summary judgment because the defendants waived the defense by not raising it in their Answer."). However, I find the remainder of the majority's discussion unnecessary for our decision.